Wauconda Township High School District No. 118 in Lake and McHenry Counties, State of Illinois, Appellee, v. County Board of School Trustees of McHenry County; School District No. 156 in McHenry County, Illinois, et al., Appellants.

Gen. No. 11,000.

Second District.

March 14, 1957.

Released for publication March 30, 1957.

Charles C. Stadtman, of Woodstock, for appellant.

Looze & Kinne, of McHenry, and Runyard & Behanna, of Waukegan, for appellee.

JUSTICE EOVALDI delivered the opinion of the court.

This action was brought by plaintiff school district to review a decision of the County Board of School Trustees of McHenry county ordering the detachment of certain territory from plaintiff's district and annexing it to another district. The court entered a judgment reversing and setting aside the decision of the county board on the ground that no evidence was taken or preserved by said board at its hearing.

The appellants' theory is that the record of the Board of School Trustees is prima facie true; that the court erred in finding that no evidence was taken or preserved by the board at its hearing; and that the court should have confirmed the decision of the county board.

Appellee's theory of the case is that the County Board of School Trustees failed to comply with the mandate of Chapter 122, Section 4B—4 of the Illinois Revised Statutes; that the board's order of disconnection was null and void, and that upon review by the circuit court of McHenry county the decision was properly reversed.

Wauconda Township High School District No. 118 in Lake and McHenry counties filed its complaint in the circuit court praying for a review of a decision of the County Board of School Trustees of McHenry county detaching certain territory from said district and annexing same to School District No. 156 in McHenry county. It was alleged among other things that the decision of the administrative agency was not based on any transcript or upon any maps or information concerning same, and that said agency was without jurisdiction or authority to hear and determine the

137

prayer of the petition and to enter an order to change the boundaries of the districts involved; that the secretary of the board failed to submit maps showing the districts involved or to report the financial and educational conditions of the districts involved and the probable effect of the proposed change, and that such agency made no determination as to the funds and indebtedness of the districts involved. The County Board of School Trustees filed an answer denying certain of the allegations of the complaint, and attaching certain exhibits as a part of the record of said board.

Six individual petitioners obtained an order from the circuit court for leave to intervene as defendants, and moved for dismissal of the complaint, which motion was allowed by the circuit court. On appeal, this court reversed the order and remanded the case to the circuit court. (7 Ill.App.2d 65.) We there held that Wauconda Township High School District No. 118 was entitled to have reviewed the decision of the County Board of School Trustees, which decision detached from its district a substantial part of its territory.

The case was reinstated in the circuit court and the intervening defendants answered the complaint, denying certain of the allegations thereof.

Chap. 122, Sec. 4B—4, Ill. Rev. Stat., provides in part as follows:

". . . The county board of school trustees shall hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, . . . ."

■■ While it is true as contended by appellants that the findings and conclusions of an administrative agency on questions of fact shall be held to be prima facie true and correct, and that the court will not disturb the findings of fact made by an administrative

138

agency unless manifestly against the weight of the evidence, it is also the established law in Illinois that the findings of said board must be based on facts established by evidence which is introduced as such, and such board cannot rely on its own information to support its findings. The applicable statute in this case specifically provides that the county board of school trustees shall hear evidence. In the case of Wallace v. Annunzio, 411 Ill. 172, the Supreme Court held that the findings of the administrative agency must be supported by substantial evidence, and that the court has power to review all questions of law and fact presented by the record. To the same effect are the cases of Beth Weber, Inc. v. Murphy, 389 Ill. 60, and Moriarty, Inc. v. Murphy, 387 Ill. 119.

In the case of Flick v. Gately, 328 Ill. App. 81, hearings were had before a zoning board. No witnesses testified nor was any evidence introduced. On page 88, the court said:

"The report of proceedings in the return discloses that not a single witness testified and that no evidence of any kind was introduced before the board at any of its sessions when this case was being considered by it. While it is true that in the course of the general discussions at the various sessions of the board some of the adjoining property owners made statements that the operation of plaintiffs' plant caused excessive noise and vibrations, no evidence as such was presented to said board. The rule is firmly established that findings of administrative boards must be based on facts established by evidence and 'nothing can be treated as evidence which is not introduced as such.' Chicago & E. I. Ry. Co. v. Commerce Commission ex rel. Hoopeston Grain & Coal Co., 341 Ill. 277."

On page 89, the court further said:

"There were several documents included in the return as tending to support the findings and decision

139

of the Board. These documents were not introduced in evidence at any of its purported hearings and had no place in the return.

"Counsel for the board assert that it 'was not even required to hear testimony.' That would only be true if plaintiffs had admitted the violation with which they were charged. In the absence of such admission it was the duty of the board to require the submission of evidence at a formal and proper hearing sufficient to establish facts showing that plaintiffs were guilty of violating the zoning ordinance as charged."

In the case of Strohl v. Macon Co. Zoning Board, 411 Ill. 559, a complaint for judicial review was filed in the circuit court of Macon County to review an order entered by the zoning board of that county. Although the complaint requested that the defendants be required to file a complete record of the proceedings under review, all that was filed was an answer, which merely admitted or denied various allegations of the complaint and prayed that judicial review be denied. No attempt was made to incorporate the record of proceedings required by statute, nor did there appear to have been any stipulation to a·shortened record. Instead of confining itself to a review of the record of the administrative proceedings, as the statute directs, the circuit court conducted a trial de novo, permitting appellees to introduce testimony and exhibits into evidence and to call members of the board as adverse witnesses to determine their motives for the administrative decision being reviewed. The decree of the circuit court appealed from was based upon the record made at the trial de novo and did not result from a review of the administrative record as contemplated by the Administrative Review Act. In reversing the circuit court, the Supreme Court said on pages 563, 564 and 565:

"The Administrative Review Act does not purport to give an independent remedy, or create any new

140

cause of action, but merely provides a method of review, whereby challenged decisions of the administrative body may be subjected to a review. It provides for reviews of the decisions of the board on the record alone, as no new or additional evidence in support of, or in opposition to, any finding, order, determination, or decision of the administrative agency shall be heard by the court, and the findings and conclusions of the agency on questions of fact shall be held prima facie true and correct. (Krachock v. Department of Revenue, 403 Ill. 148.) Whether or not the Macon County Zoning Board of Appeals made findings and conclusions on questions of fact in the present case cannot be judicially determined, for no record of the administrative proceeding or of the decision to be reviewed was ever brought before the circuit court. The nearest the complaint comes in this regard is to state that appellees received notice that their petition for rezoning had been denied. Section 3.2 of the County Zoning Act (Ill. Rev. Stat. 1951, chap. 34, par. 152k.2,) requires that the Board of Appeals 'keep minutes of its proceedings, showing the vote of each member upon every question, or if absent or failing to vote, indicating such fact, and shall also keep records of its examinations and other official actions. Every rule, regulation, every amendment or repeal thereof, and every order, requirement, decision or determination of the board shall immediately be filed in the office of the board and shall be a public record.' If the mandate of this section has been complied with, some record of the' board's actions and of its decision must exist and a judicial review of the final administrative decision must be predicated upon it. . . .

"Section 12 (1) (b) of the Administrative Review Act, (Ill. Rev. Stat. 1951, chap. 110, par. 275,) empowers the circuit court to make any order that it deems proper for the amendment, completion or filing of the record of proceedings of the administrative agency.

Subparagraph (2) of the same section provides that 'Technical errors in the proceedings before the administrative agency . . . shall not constitute grounds for the reversal of the administrative decision unless it appears to the trial court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him.' If the board failed to keep a record of its proceedings as required, we consider their failure to be beyond the scope of a technical error and that it would work a substantial injustice on appellees if the continued delay in using their property as they choose can be attributed to such failure. If, on the other hand, appellants have merely omitted to file the record, appellees are equally at fault in failing to pursue their prayer that appellants produce it and, further, in not pleading the administrative decision sought to be reviewed. The decree of the circuit court of Macon county is therefore reversed and set aside and the cause is remanded to that court to determine if a record of administrative proceedings was kept. If it is determined that none was kept, it is directed that the decision of the Board of Appeals be reversed, . . . ."

 Appellants admit that no transcript of testimony was taken at the hearing, and state that no reporter was on hand for the purpose of reporting verbatim any testimony presented to them, but they further state that testimony was heard and the substance of same was reported in the minutes of the meeting. While the order granting the petition to detach and annex recites that the board had heard evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, an examination of the record fails to disclose such evidence. As summarized,

142

the minutes of the meeting of the County Board of School Trustees are replete with statements, requests, announcements, etc. as follows: "Mr. McConnell stated . . . ; Mr. Looze requested . . . ; Mr. Vaupel stated . . . ; Mr. Looze then stated . . . ; the board retired . . . ; the board announced . . . . The board then heard the petitioners give their reasons for desiring a change. Mr. Vaupel and Mr. Carlson gave their reasons . . . ." But, the evidence which is required by the statute is lacking. Nowhere in the record is there to be found any reference to the swearing of witnesses, the taking of testimony or the examination of a witness under oath. While appellants contend that testimony was taken at the hearing, and while the order of the county board states that consideration was given to the evidence of the persons present at the hearing, an examination of the record does not bear out their contentions. Statements of persons cannot be considered as evidence. "Matters as discussed at the previous and present meetings" cannot be considered as evidence. The record must control. Even the cases cited by appellants require that the findings have a substantial foundation in the evidence. How can this court determine whether the findings have a substantial foundation in the evidence unless the evidence appears in the record. The order and judgment of the circuit court is correct.

Judgment affirmed.

DOVE, P. J. and CROW, J., concur.