Elma L. Lusk, Plaintiff-Appellee, v. Community Consolidated School District No. 95 of Lake County, Illinois, Walter F. Surma et al., Defendants-Appellants.

Gen. No. 11,212.

Second District, First Division.

January 28, 1959.

Released for publication February 14, 1959.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan (Gerald C. Snyder, of counsel) for appellants.

Frank M. Daly, of Waukegan, for plaintiff-appellee.

JUSTICE McNEAL delivered the opinion of the court.

This case involves the dismissal of Elma L. Lusk from her position as a teacher by the board of education of Community Consolidated School District No. 95 of Lake County, Illinois.

Elma Lusk, married, and the mother of several grown children, has been a teacher for over thirteen years. At the time the instant controversy arose she was teaching the fourth grade in defendant's school. The parents of several of her pupils wished to have her discharged and they presented a petition to the school board and also sent a letter to the State Superintendent of Public Instruction. The petition and letter contained a number of charges. Among other things the petition charged that Mrs. Lusk adopted "unprovoked, unwarranted and highly improper forms of corporal punishment," and the letter concluded with the statement that "if prompt remedial action is not forthcoming, we will have no choice but to carry our case into the metropolitan press and into the civil courts."

Mrs. Lusk was called before the school board and asked to submit her resignation by noon. She asked the principal of the school what she had done wrong and he said that he did not know. When she asked

why she had to act so quickly, she was advised that if she did not resign immediately, the persons seeking to oust her would release everything to the press. Mrs. Lusk refused to resign, and thereafter the board held a meeting at which the board decided to discharge her. Following the meeting the board sent her a notice that the best interests of the school required her to be discharged for "repeated failure to remedy differences with parents of children assigned to your class, inability to get along with students assigned to your class and their parents, and repeated failure to comply with directives from the administration and the board of education."

Mrs. Lusk requested that she be given a hearing, and on April 24, 1957, a hearing on the matter was commenced at 7:30 P. M. A number of witnesses were called to testify against Mrs. Lusk. However, as the circuit court observed, the record is replete with hearsay testimony. Many of the witnesses had never even seen Mrs. Lusk and testified to conversations between themselves and their children and between themselves and third persons, all outside the presence of Mrs. Lusk. The attorney representing Mrs. Lusk made repeated objections to the mass of hearsay evidence being offered, but he was consistently overruled. Actually, there is very little competent evidence in the record.

As to any corporal punishment, the only evidence which even approaches that subject is the testimony of one witness who saw Mrs. Lusk whack her desk with a "paper thing" several years ago. The witness did not know what occasioned this conduct. As to Mrs. Lusk's "repeated failure to comply with directives," the only evidence on this charge is that on November 1 the principal had asked Mrs. Lusk to transfer a student out of her class and that Mrs. Lusk objected and did not transfer the student until November 2. As to her

254

inability to get along with parents and children, one parent testified to a remark Mrs. Lusk made about how firm she had to be with the children. Also, several parents objected to the amount of home work required from their children and to the fact that some of them had missed gymnasium classes. It appears to be undisputed that the home work was simply work which should have been done by the children during classroom hours and those children who did not finish their work were asked to complete it at home. As to missing gymnasium classes, it was considered proper at the school for any teacher on occasion to help a child with his lessons instead of sending him to "gym" class and apparently Mrs. Lusk had been helping some of the children with their lessons during her free time.

Evidence was presented against Mrs. Lusk until after 11 P. M., and at that time the attorney for Mrs. Lusk pointed out that he had been engaged in a trial in the circuit court all day, that he was tired and did not think that it was fair to require Mrs. Lusk to present her evidence in the small hours of the morning. The board ordered him to proceed.

Twelve witnesses testified for Mrs. Lusk. They all had children in Mrs. Lusk's class, or had had children in her class in previous years. A number of them also had younger children in the school who would shortly be in Mrs. Lusk's class. They had observed Mrs. Lusk as she conducted classes on numerous occasions and testified that the discipline was good and that the children respected and did not fear their teacher. They testified that there was no excessive home work, that the work done at home was work which had not been finished in class. Most of these witnesses were not questioned by either the board or its attorney. The record indicates that a number of additional witnesses were prepared to testify on behalf of Mrs. Lusk but the board declined to hear any further testimony. The

255

record also reveals that the board was as consistent in sustaining the various objections of its attorney to evidence offered on behalf of the teacher as it had been in overruling the objections of the attorney for the teacher.

Following the hearing, the board notified Mrs. Lusk by letter that it was confirming its previous action dismissing her, and she then took the matter before the circuit court under the Administrative Review Act. The court examined the record in this case and in a thorough written opinion held that the decision of the school board was manifestly against the weight of the evidence. The present appeal was taken from the judgment of the circuit court.

With reference to pertinent statutory provisions, section 7—16 of The School Code (Par. 7—16, Ch. 122, Ill. Rev. Stat. 1957) gives a board of education the power to dismiss a teacher whenever the interests of the school require it, subject to certain provisions of the Teacher Tenure Law. The Teacher Tenure Law (Section 24—1 et seq., of The School Code; Par. 24—1 et seq., Ch. 122, Ill. Rev. Stat. 1957) provides that before a teacher is dismissed there should be specific charges and a hearing, if one is requested, at which the teacher may be present with counsel and cross-examine the witnesses and offer evidence. Section 24—8 provides for judicial review under the Administrative Review Act. The Administrative Review Act (Par. 264 et seq., Ch. 110, Ill. Rev. Stat. 1957) provides that the findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct and section 12(2) of that Act provides that failure to observe technical rules of evidence shall not be grounds for reversal unless it appears to the trial court that such failure materially affected the rights of a party and resulted in substantial injustice to him.

■ Our Supreme Court has stated that the Teacher Tenure Law was enacted for the purpose of improving the educational facilities of this State by assuring teachers of experience and ability a continuous service dependent upon merit and by preventing dismissal for reasons that are political, partisan or capricious. Under this law a teacher's position does not depend upon the personal whims of individual citizens. Hankenson v. Board of Education of Waukegan Tp. High School Dist. No. 119, 10 Ill.2d 560, 563; Donahoo v. Board of Education of School Dist. No. 303, 413 Ill. 422, 425.

■ The statute provides that a teacher may ask for a hearing on the question of whether he should or should not be dismissed and we believe that this is a fundamental right, not a mere formality. Not only is the teacher entitled to a hearing, but he is entitled to a fair hearing. 78 C. J. S. 1096, Schools and School Districts, Sec. 204d. Dismissal should be based upon competent and sufficient evidence, Murphy v. Luecht & Co., Inc., 379 Ill. 227, 234, and should be for some substantial reason. Murphy v. Houston, 250 Ill. App. 385, 394.

■ While it is true that the findings of an administrative agency should not be set aside unless manifestly against the weight of the evidence, yet it is also the established law in Illinois that courts have the right and duty to set aside such findings if they are clearly and manifestly contrary to the weight of the evidence. Harrison v. Civil Service Com., 1 Ill.2d 137, 146; Drezner v. Civil Service Com., 398 Ill. 219, 227; Wauconda Township High School District No. 118 v. County Board of School Trustees, 13 Ill.App.2d 136, 138; and Trico Community Unit School District No. 176 v. County Board of School Trustees, 8 Ill.App.2d 494, 497.

■ The circuit court in this case struck from the record certain matters which were not introduced into

257

evidence at the hearing. The court felt that the board of education should have made some finding of fact and not merely have sent plaintiff a letter of dismissal. The court also found that the ruling of the board was manifestly contrary to the weight of the evidence. Since we prefer to decide this case on its merits upon an examination of the competent evidence introduced at the hearing, it is unnecessary to pass upon the various technical questions raised by counsel. We do wish to observe, however, that the hearing afforded by the statute is supposed to be a fair and impartial hearing. The administrative agency does not represent one party against the other (1 I. L. P. 461, Administrative Law and Procedure, Sec. 25) and our study of the record raises a grave doubt that the hearing afforded in this case was the type of hearing which the legislature had in mind when it enacted the Teacher Tenure Law.

As stated above, the bulk of the record consists of hearsay testimony, much of it of a highly prejudicial nature admitted over plaintiff's objections, and the finding of the board was manifestly contrary to the meager amount of competent evidence which was introduced at the hearing. The most that can be said is that the teacher in this case may have been overly conscientious in attempting to instill her pupils with some degree of learning and discipline, but statutory legal grounds for dismissal of the plaintiff teacher and evidence to support such grounds are notably absent from the record in this case, Compton v. School Directors of District No. 14, 8 Ill.App.2d 243, 260.

In view of the foregoing it is the conclusion of this Court that the judgment of the Circuit Court of Lake County should be and is hereby affirmed.

Affirmed.

SPIVEY, P. J. and DOVE, J., concur.