WALTER L. PUCKETT *et al.*, Plaintiffs-Objectors-Appellants, *v.* COUNTY BOARD OF SCHOOL TRUSTEES OF WHITE COUNTY *et al.*, Defendants-Appellees.—(IVAN SWAN *et al.*, Plaintiffs-Appellees.)

Fifth District No. 75-414

Opinion filed March 10, 1976.

Conger and Elliott, of Carmi, for appellants.

Thomas H. Sutton, State's Attorney, of Carmi, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from an order of the County Board of School Trustees of White County ordering that the entire territory of Mills Prairie High School District be attached to the Fairfield High School District. The effect of the order was to close and discontinue the operation of the Mills Prairie High School. Objectors brought an administrative review action and the circuit court affirmed the Board's order. Objectors appeal and we reverse.

Section 5—32 of the School Code (Ill. Rev. Stat. 1973, ch. 122, §5—32) provides that:

> "If any school district other than a non-high school district shall for 1 year fail to maintain within the boundaries of the school district a recognized public school as required by law, such district shall become automatically dissolved and the property and

territory of such district shall be disposed of in the manner provided for the disposal of territory and property in Section 7—11 of this Act."

Section 7—11 of the School Code provides that:

"If any school district has become dissolved as provided in Section 5—32 the county board of school trustees shall attach the territory of such dissolved district to one or more districts and, if the territory is added to two or more districts, shall divide the property of the dissolved district among the districts to which its territory is added, in the manner provided for the division of property in case of the organization of a new district from a part of another district.

The county board of school trustees shall give notice of a hearing on the disposition of the territory of such school district by publishing a notice thereof at least once each week for two successive weeks in at least one newspaper having a general circulation within the area of the territory involved."

This section further provides that at the hearing the county board shall hear evidence on school needs and after considering the educational welfare of the students shall make the attachment or attachments provided for in this section.

Authority for the County Board of School Trustees to take the action specified in section 7—11 exists only if the district involved has failed for 1 year to maintain a recognized public school as required by law.

Section 2—3.25 of the School Code (Ill. Rev. Stat., ch. 122, §2—3.25), gives the Superintendent of Public Instruction of the State of Illinois the power "[t]o determine for all types of schools conducted under this Act efficient and adequate standards for the physical plant, heating, lighting, ventilation, sanitation, safety, equipment and supplies, instruction and teaching, curriculum, library, operation, maintenance, administration and supervision, and to grant certificates of recognition to schools meeting such standards by attendance centers or school districts; * * *."

Plaintiffs-objectors do not contend that the County Board of School Trustees did not conduct its hearing in accordance with section 7—11 or that its attachment of the Mills Prairie High School District to the Fairfield High School District was an improper attachment, providing that the trustees had authority to act under section 7—11.

Plaintiffs maintain, and it is the central issue in this appeal, that the defendant County Board of School Trustees did not have jurisdiction for the reason that the State Superintendent of Public Instruction had not made a definitive finding of nonrecognition and communicated such in a proper manner to the Superintendent of Educational Service Region,

White County. Appellee, on the other hand, argues that it did not lack jurisdiction, that no formal order of nonrecognition is required, that failure to grant recognition automatically vests a board with not only the authority but the duty to make an annexation.

An examination of the record supports the contention of the plaintiff that no definitive finding of nonrecognition was made and communicated to the Superintendent of Educational Service Region, White County, by the Superintendent of Public Instruction of the State of Illinois.

The order of the County Board of School Trustees states that the cause before it came up for hearing,

> "* * * by virtue of the office of Superintendent of Public Instruction giving Mills Prairie High School of White and Wayne Counties, Illinois a 'nonrecognition' status for school years 1972-73 and 1973-74, and,
>
> The ex-officio secretary of White County Board of School Trustees, being the Superintendent of Educational Service Region of White County, Illinois, * * * having been notified by the Office of Superintendent of Public Instruction that no change of 'Recognition Status' of said District was possible * * *."

Thus, it can be seen that the order of the Board concludes that there was nonrecognition but does not refer to any document or particular communication constituting the notification.

At the hearing before the Board there was introduced a letter from the Director of Recognition of the State Superintendent's office to the Superintendent Educational Service Region, White County. This letter stated:

> "Pursuant to our recent phone conversation concerning the recognition status of Mills Prairie High School District 229, and the problem relative to this situation, I would like to reiterate some of the things that I mentioned at that time. Mills Prairie High School District was given nonrecognition status for the 72-73 school year. This was given to them in June, '73, as all recognition status are awarded at that time for the past school year. This meant that the district was not to receive any future funding from the common school fund, and had the following year to get their affairs in order so that the district could be dissolved by the following July 1, 1974. This is pursuant to School Code Section 5—32. Since that time your office, and the local district requested that another evaluation visit be arranged to Mills Prairie High School. Knowing that it is Dr. Bakalis' wish to extend each district an opportunity to work toward improvement,

we arranged for an evaluation team to visit Mills Prairie High School December 13th and 14th of 1973. The recommended status of this visitation is nonrecognition, and I believe it to be based on a sound evaluation of the educational program. Since the law requires that the school district be dissolved at the end of the second year on a nonrecognition status I do not have any legal grounds for extending any time beyond that date. If I may be permitted another observation, and that is recent legislation now allows a school district only one year, not two as in the past, to operate on a nonrecognition status. I believe that this district has had ample time to put their affairs in order. If I can be of any further service to you in regard to this matter please do not hesitate to contact me."

Plaintiff maintains that this does not constitute an order from the Superintendent of Public Instruction. We agree. There is no statement that the Superintendent of Public Instruction made a finding based on the report of the visitation team, or that if he did make such a finding it was communicated by him to the district involved. The Director of Recognition of the State Superintendent's office is not the State Superintendent whose action is required under the statute.

There remains the further question of whether or not a definitive order is required to give the County Board of School Trustees jurisdiction. Defendant maintains that such an order is not required since the law states that failure to issue a certificate of recognition means that there is nonrecognition, that the district is therefore dissolved, and that the County Board then has not only the authority but the duty to hold a hearing and attach the territory to some other district or districts. Again, we disagree.

We do not believe that the law should be interpreted to mean that jurisdiction to annex one entire school district to another accrues to a county board of school trustees simply because the State official does not issue a certificate of recognition. Nor do we believe that the taxpayers and all other parties interested in an existing school district should lose an entity created by them through such an indefinite and negative process.

Defendant cites *Community Unit School District No. 2 v. Moore*, 46 Ill. App. 2d 14, 195 N.E.2d 833, in support of its view that the County Board had jurisdiction. However, no jurisdictional issue was raised in *Moore*. Furthermore, the court in that case said:

"District No. 18 had failed to conduct a recognized High School for two consecutive years. Acting under the provisions of Par

5—32 of the School Code, the State Superintendent of Public Instruction *issued a directive to the School Trustees of Marshall County to dissolve said district and dispose of its territory* in the manner provided by Par 7—11 of the School Code by attaching its territory to surrounding districts." (46 Ill. App. 2d 14, 16.) (Emphasis added.)

Thus in *Moore* we find that the Superintendent of Public Instruction in fact issued a directive. Such a directive is notably absent here.

■■ ■ Jurisdiction cannot be based on the opinion of the County Board or on unsupported conclusions by the Board which appear in the record. There must be tangible and sufficient proof emanating from the proper authority and introduced at a hearing to show that there is jurisdiction. (*People ex rel. Thompson v. Property Tax Appeal Board*, 22 Ill. App. 3d 316, 317 N.E.2d 121; *Michelson v. Industrial Com.* 375 Ill. 462, 31 N.E.2d 940.) In *Funkhouser v. Coffin*, 301 Ill. 257, 133 N.E. 649, the court said:

"There is no presumption of jurisdiction in favor of a body exercising a limited or statutory jurisdiction. Nothing is taken by intendment in favor of such jurisdiction but the facts upon which the jurisdiction is founded must appear in the record." (301 Ill. 257, 261.)

Quoting from *Troxell v. Dick*, 216 Ill. 98, 74 N.E. 694, the court in *Funkhouser* further stated:

" 'A *quasi* judicial tribunal of inferior jurisdiction must recite the facts, or preserve the facts themselves, upon which its jurisdiction depends.' " (301 Ill. 257, 261.)

In *Wauconda Township High School District No. 118 v. County Board of School Trustees*, 13 Ill. App. 2d 136, 141 N.E.2d 52, the court said:

"[I]t is  *  *  *  the established law in Illinois that the findings of said board must be based on facts established by evidence which is introduced as such, and such board cannot rely on its own information to support its findings." 13 Ill. App. 2d 136, 139.

It is true that neither section 5—32 nor 7—11 of the School Code says in so many words that the Superintendent of Public Instruction shall issue a statement or certificate of any kind. But obviously a determination must be made by him that the school has failed to maintain a recognized public school for one year. There is nothing in the record before us that indicates what findings were made regarding such failure to maintain a recognized public school. We believe that the dissolution of any school district is of sufficient importance and grave consequence to warrant a statement of finding and a directive from the Superintendent to the proper authorities stating that such a finding has been made and

that the school is no longer recognized and that it is dissolved as of a specified date.

At the hearing before the trial court defendant offered additional items as evidence that the Superintendent had acted. These were properly denied admission by the trial judge. However, they were discussed by the plaintiffs-appellants. Only two items added anything that might have been construed as more definitive than the letter introduced at the Board's hearing. These were certificate of recognition forms used by the Superintendent of Public Instruction. Under the words "Certificate of Recognition," in large print, was typed in capital letters "NONREC-OGNITION." However, the certificate went on to say that Mills Prairie Community High School was officially recognized. It contained no language regarding nonrecognition. It contained no date of issuance except to say in the one case that it was issued at Springfield, Illinois in 1973 and in the other that it was issued at Springfield, Illinois in 1974. These certificates of recognition were signed by the Superintendent of Public Instruction. Even if these certificates had been put into evidence at the Board's hearing, they still would not have represented what we believe to be the positive finding and directive clearly implied by the statute and required by proper administrative procedure.

■■ Defendant argues that the actions of the Superintendent of Public Instruction are not subject to administrative review and that it was improper to introduce evidence regarding his actions. We agree with the defendant—however, the jurisdiction of the County Board of School Trustees, the actions of which are subject to administrative review, depended on the receipt of an adequate directive or order from the Superintendent of Public Instruction. Hence the actions of that officer do become involved in determining whether the agency whose findings are subject to administrative review had jurisdiction to hold a hearing and make such findings. Whether or not there has been an improper delegation of authority to the Superintendent of Public Instruction is not involved. Certainly it is the legislative intent that any officer of State government follow basic and fundamental administrative law principles in the conduct of his official business regardless of how much or how little the law might give him direction along this line. The absence of a statement in the School Code that the Superintendent of Public Instruction shall issue a certificate of nonrecognition following a finding that the school has not maintained prescribed standards does not mean that such is unnecessary and that failure to hear from the Superintendent that a district has been recognized then gives the County Board of School Trustees jurisdiction to act under section 7—11.

In view of the evidence available in the record of this case we do not

think that a remandment would serve any useful purpose. It is our opinion, for the reasons stated, that the judgment of the trial court must be reversed.

Reversed.

G. J. MORAN and CARTER, JJ., concur.