Hattie D. Stubbs, Appellant, v. William B. Austin et al., Appellees.

Gen. No. 38,512.

Opinion filed May 26, 1936.

IRVIN C. MOLLISON, of Chicago, for appellant.

DEMING, JARRETT & MULFINGER, of Chicago, for appellees.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse an order of the superior court entered July 10, 1935, which directed the issuance of a writ of assistance commanding the sheriff of Cook county to dispossess plaintiff, Hattie D. Stubbs, from the premises described in her complaint.

Plaintiff, the vendee under a real estate sales contract, filed her complaint January 25, 1934, against William B. Austin, the vendor named in said contract, in which she prayed an accounting, the setting aside of an alleged wrongful and unlawful forfeiture of the

sales contract and an injunction restraining Austin from prosecuting a forcible entry and detainer proceeding then pending in the municipal court for the possession of the same premises. On the day the complaint was filed an order was entered for the issuance of the injunction as prayed without notice and without bond.

Shortly thereafter William B. Austin died and the First Union Trust & Savings Bank, a corporation, and Elizabeth H. Norman, as trustees, and Elizabeth H. Norman, as executrix, were substituted as parties defendant. The substituted defendants filed an answer to the complaint and a counterclaim. Plaintiff filed an answer to the counterclaim and a motion to strike defendants' answer to her complaint. Thereafter defendants filed an amended and supplemental answer to the complaint, which plaintiff also moved to strike. Plaintiff's motions to strike the original answer and the amended and supplemental answer to her complaint have never been heard or disposed of, and were still pending before the court at the time of the entry of the order directing the issuance of the writ of assistance.

June 11, 1934, defendants' motion to dissolve the injunction theretofore issued and to dismiss the complaint was argued but no evidence was offered and the court entered the following order:

"On motion of attorney for defendants this cause coming on to be heard on motion of defendants to dismiss the injunction heretofore entered herein and to dismiss complainant's complaint, the court being fully apprised in the matter and having had [heard] arguments of counsel,

"It Is Hereby Ordered that the hearing on the above motion be continued until June 15, 1934, without further notice. It is further ordered that the complainant, Hattie D. Stubbs, procure on or before June 15,

1934, either a surety company bond or turn over to the clerk of this court an amount of cash equivalent to the amount admitted to be due to the defendants as set forth in complainant's bill.''

June 15, 1934, passing upon the same motion, an order was entered, the pertinent portions of which are as follows:

''On motion of attorney for defendants, this matter coming on to be heard on defendant's petition to dismiss complainant's bill and to dismiss the injunction heretofore entered herein, and the court being fully advised in the premises,

''It Is Hereby Ordered, Adjudged and Decreed, that the order and Writ of Injunction ordered issued and entered on January 25, 1934, in this cause be, and the same is hereby set aside, dissolved and held for naught, and the defendants herein are hereby given leave to proceed in the Municipal Court of the City of Chicago in Writ #2577503 as if the above mentioned Injunction had not been entered.''

June 19, 1935, before the case was at issue, plaintiff's motions to strike defendants' original and amended and supplemental answers to the complaint not having been heard or disposed of, defendant Elizabeth H. Norman, as executrix of Austin's estate, filed a petition for a writ of assistance predicated upon the alleged failure of plaintiff to comply with the order of June 11, 1934, ''that the complainant, Hattie D. Stubbs, procure on or before June 15, 1934, either a surety company bond or turn over to the clerk of the court an amount of cash equivalent to the amount admitted to be due to the defendants as set forth in complainant's bill.''

June 24, 1935, plaintiff filed her written motion to strike the last mentioned petition of defendant Elizabeth H. Norman, as executrix, for a writ of assistance, alleging *inter alia* that the court had no jurisdiction

to order such writ to issue prior to a determination of the issues involved in the cause and without a final order or decree adjudicating which of the parties had the right to the possession of the premises.

Numerous grounds are urged for reversal, but we deem it necessary to consider only plaintiff's contentions (1) that the trial court had no jurisdiction to direct the issuance of a writ of assistance before a hearing on the issues in the case and before the entry of a final decree finding and determining the right to the possession of the premises involved in the real estate contract in question, and (2) that the order entered July 10, 1935, directing the issuance of a writ of assistance was erroneous in that the court had no jurisdiction to enter the same because it was based on the order entered June 11, 1934, which made no findings of fact and especially no finding as to the right to possession.

A careful examination of defendants' brief and argument reveals that not only was no attempt made to answer the foregoing contentions but that other major errors pointed out and argued by plaintiff were entirely ignored. Such failure and refusal to meet and answer vital grounds for reversal urged by plaintiff confess the error of the proceedings resulting in the order directing the issuance of the writ of assistance.

Plaintiff's motions to strike defendants' answer and amended and supplemental answer were still pending and undisposed of. The legality of the forfeiture by the vendor of the real estate sales contract under which plaintiff was in possession of the premises had not been determined, and, in fact, could not be determined without an accounting as prayed by plaintiff. There could be no finding of the right to possession until the legality of the forfeiture had been decided

and the vendor had no right to possession unless his forfeiture was rightfully declared and made.

The court was clearly without jurisdiction to try the title to the premises in dispute under a petition for a writ of assistance and just as clearly was without jurisdiction to direct the issuance of such a writ when no final decree had been entered finding the right of possession in the executrix petitioner. Even the order directing the issuance of the writ did not purport to determine the right to the possession of the premises. The very name of the writ itself implies that it is to be used only as an aid to the enforcement of an order or decree that has determined the right of possession. The writ of assistance will never be issued where there is any reasonable prospect that the party in possession may make a successful defense of his possession either at law or by the aid of a court of equity. (*Flowers v. Brown,* 21 Ill. 270.) An application for such writ is a summary proceeding, the sole object of which is to put a person in possession who had purchased property at a judicial sale under a decree in chancery. (*McDonell v. Hartnett,* 323 Ill. 87; *Kerr v. Brawley,* 193 Ill. 205.) The writ of assistance is properly employed wherever a court of equity having jurisdiction of the persons and property in controversy has determined the rights of the litigants to the title or possession of real estate or has decreed a sale of the property, the writ being part of the process employed in enforcing the decree itself. If the decree has not fully and finally determined the title or right to possession, the writ will not issue since these matters cannot be inquired into on an application for the writ. (5 C. J., sec. 3, p. 1317.) The writ should not issue where the rights of the respective parties have not been fully and finally adjudicated in the principal suit. (5 C. J., sec. 4, p. 1317.)

The petition of defendant executrix for the issuance of the writ of assistance averred primarily that it should issue because of plaintiff's failure to comply with the order of June 11, 1934, heretofore set forth. That order was entered upon defendants' motion to dissolve the injunction secured by plaintiff January 25, 1934, without notice and without bond and in addition to continuing the motion to dissolve the injunction until July 15, 1934, directed plaintiff to "procure on or before June 15, 1934, either a surety company bond or turn over to the clerk of this court an amount of cash equivalent to the amount admitted to be due to defendants as set forth in complainant's bill." The record discloses no motion before the court for the direction contained in the foregoing quoted portion of the order, and, regardless of the reason for its inclusion therein, the order of June 11, 1934, made no finding of the right of Austin's executrix to the possession of the premises which could possibly have given the court jurisdiction to enter the order of July 10, 1935, which directed the issuance of the writ of assistance. Such writ was improperly and erroneously issued and the order or decree of the superior court of July 10, 1935, directing its issuance is therefore reversed and the cause is remanded to that court with directions to quash the writ of assistance and to take such steps as are proper and necessary to restore plaintiff to the possession of the premises involved.

*Reversed and remanded with directions.*

SCANLAN, P. J., and FRIEND, J., concur.