(No. 32449.—

GEORGE W. DONAHOO, Appellant, *vs.* THE BOARD OF EDUCATION OF SCHOOL DISTRICT No. 303 *et al.*, Appellees.

*Opinion filed Nov. 20, 1952—Rehearing denied January 19, 1953.*

KEITH E. HUTSON, of Monticello, for appellant.

RODNEY A. SCOTT, of Sullivan, and MONROE & Mc-GAUGHEY, of Decatur, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

George W. Donahoo, plaintiff, filed a petition for a writ of *mandamus* in the circuit court of Moultrie County against the Board of Education of School District No. 303, Moultrie County, and the individual members of such board, praying that a writ issue commanding the defendants to employ plaintiff as a teacher and to assign his duties as such. The circuit court ordered a peremptory writ of *mandamus* to issue to reinstate plaintiff as a teacher and upon the defendants' appeal the Appellate Court reversed the judgment of the circuit court. Plaintiff appeals to this court, he having been granted leave to appeal by the Appellate Court on the ground of importance.

Most of the facts are undisputed. The plaintiff, a regularly certified school teacher who has taught many years, was employed by the defendant board during the 1948-1949 and 1949-1950 school terms. He was paid $2250 for the first term and $2500 for the second term, and, while no janitor services were included in either of such contracts, he was paid $100 as extra compensation for such services. On March 23, 1950, plaintiff was notified in person that the board had authorized a contract for the 1950-1951 term at a salary of $2550, his duties to include teaching eight grades, if necessary, and the performance of janitor services, but no contract was ever prepared or tendered. Plaintiff expressed dissatisfaction with the proposal that he not be paid an additional amount for janitor services but stated that he would submit a letter by March 25 advising whether he would accept or reject the offer. While plaintiff in a telephone conversation and a letter of March 25 offered to accept $2550 for teaching, he apparently did not agree to also perform janitor services without additional compensation. On March 25, 1950, a letter was delivered to him by a board member reading as follows: "This is to notify you that your school contract for the year 1950-1951 at the White School in Lovington Unit No. 303 will not be renewed." No contract was thereafter tendered or executed. On August 28, 1950, plaintiff offered in writing to commence teaching and presented himself at a preschool conference but he was advised that there was no teaching position for him.

The primary question is whether, under the provisions of section 24-2 of the School Code (Ill. Rev. Stat. 1951, chap. 122, par. 24-2,) it is mandatory that the notice of dismissal state the specific reason therefor, and, if so, whether the letter quoted above complied with that provision. The pertinent part of said section 24-2 reads as follows: "Any teacher who has been employed in any district as a full-time teacher for a probationary period of

two consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least sixty days before the end of such period."

Plaintiff contends that he was not given a notice of dismissal stating the specific reasons therefor on or before March 25, 1950, which the parties agree was the final date for such notice, that he completed his probationary period at the close of the 1949-1950 school term and that he then entered upon contractual continued service.

Defendants on the other hand take the position that the letter of March 25 stating plaintiff's contract would not be renewed constituted a dismissal notice and that the provision in said section 24-2 for specific reasons for the dismissal to be contained in the notice was merely directory. They argue that a teacher who has not attained tenure may be dismissed for any reason, whether whimsical or otherwise, and that their argument is borne out by section 24-3 of the School Code which, in the case of teachers who have attained tenure, provides for a hearing with a stenographic record of same and detailed procedure for appeal, in addition to specific reasons for their proposed dismissal.

This precise question has never, so far as we are able to ascertain from the briefs and our own independent search, been passed upon by either the courts in this or other jurisdictions which have a comparable act.

The Teacher Tenure Law was enacted primarily for the protection of Illinois teachers who, prior to its enactment in 1941, served at the pleasure of the boards of directors or education. Its object was to improve the Illinois school system by assuring teachers of experience and ability a continuous service and a rehiring based upon merit rather than failure to rehire upon reasons that are political, partisan or capricious. (*Betebenner* v. *Board of Education,* 336 Ill. App. 488.) Teachers' rights were pre-

served by the Tenure Law both in their probationary stage and after they had passed from it into the more permanent status. The legislature recognized the difference between dismissing the probationer, and the teacher who had gained contractual continued service, by providing the more elaborate and strict method for dismissal of the latter, but to say that the language of the less stringent section of the statute should be construed meaningless goes beyond interpretation and constitutes nullification. The province of the courts is not to legislate but to interpret. We cannot read out of the statute words which the legislature has placed therein any more than we can read into the statute words which are not within the manifest intention of the legislature as determined by the statute itself. (*Levinson* v. *Home Bank and Trust Co.* 337 Ill. 241; *Smith* v. *Board of Education,* 405 Ill. 143; *Roth* v. *Kaptowsky,* 401 Ill. 424.) It is our opinion that the provision for the giving of the specific reason for dismissal in said section 24-2 is mandatory and that such notice, containing no reason, fails to comply with the statute.

In this case, while the notice was in the negative, "your school contract * * * will not be renewed," it must be construed as a dismissal, but it is entirely devoid of *any* reason therefor, specific or otherwise. There are many reasons why the legislature included the provision in section 24-2 providing for reasons for dismissal in writing. A board would not so readily dismiss when its reasons therefor will be submitted to the bar of public opinion. Such a statement would give the teacher a chance to know his weaknesses and try to correct. Arbitrary dismissal without a reason assigned therefor might tend to undermine morale of the other members of the teaching staff.

The notice of dismissal was insufficient in that no specific reason therefor was assigned, as required by the statute, and upon the completion of the second term plaintiff acquired contractual continued service.

The defendants argue at some length that the plaintiff failed to accept the terms of a contract tendered to him, and cite cases in support of the universally recognized rule that the acceptance of an offer on terms varying from those offered constitutes a rejection. It is obvious that there was not a meeting of the minds and that the acceptance was at variance with the offer. Such an argument presupposes that there had to be an unconditional acceptance of a contract, if properly tendered.

That question does not enter into this case. The Teacher Tenure Law does not make it mandatory upon the teacher to either accept or reject. Of course, if an offer was properly made and unconditionally accepted, it would be in force according to its terms, but if not accepted or conditionally accepted, then the provisions of the Teacher Tenure Law apply. Section 24-2 provides in part, "Contractual continued service shall continue in effect the terms and provisions of the contract with the teacher during the last school term of the probationary period." Since it is agreed by the parties, and apparent from the record, that there was no new contract, plaintiff's employment continued under the terms and conditions of the contract for the 1949-1950 school term which was for $2500. That contract contained no reference to janitor service nor any provision for payment therefor, if rendered, although it does provide that it is subject to the school laws of Illinois and the reasonable and lawful regulations of the Board of Education. The question of whether the addition of janitor work to a teacher's duties is a reasonable regulation of the board is not before the court.

In view of the opinion above expressed it is not necessary to go into other alleged irregularities, such as the later amendment of the minutes of the meeting relative to the dismissal and the delegation of authority, as it would only be gratuitous criticism at best. We sympathize with boards of education and applaud the energy and uncom-

pensated time devoted to the operation of school systems which, because of enlargement by consolidation and annexations, have in many cases, become "big business." But proper minutes and records should be kept to the end that the persons who are carrying the tax load may make reference to such records and that future boards may be advised of the manner of disposition of questions which have arisen.

The judgment of the Appellate Court is reversed and the judgment of the circuit court is affirmed.

*Appellate Court reversed; circuit court affirmed.*