**Henry W. Miller, Jr., Plaintiff-Appellee, v. Board of Education of School District Number 132, Cook County, Illinois, Defendant-Appellant.**

Gen. No. 48,641.

First District, First Division.

July 16, 1962.

Rehearing denied and opinion modified
August 3, 1962.

Klein and Thorpe, of Chicago (Franklin W. Klein and Newell N. Jenkins, of counsel), for appellant.

Block and Solomon, of Chicago (Irving L. Block, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff sought review in the Circuit Court of an order of the Board of Education dismissing him as a

teacher. On plaintiff's motion for summary judgment, the court found that the notice given to him was defective, and reversed defendant's order of dismissal. Defendant has appealed.

At a regular meeting on April 13, 1960 defendant suspended plaintiff as a teacher, effective April 15, and he has not taught in defendant's school district since that date. The reasons for its action, as stated by the board, were that plaintiff had seriously injured a number of students in inflicting corporal punishment upon them; had demonstrated an ungovernable temper; and had repeatedly used profane language in the presence of students.

On April 27, 1960 defendant adopted a resolution dismissing plaintiff, and on May 13 he was sent a notice stating:

> You are hereby notified that you are dismissed as a teacher in School District Number 132, Cook County, Illinois, for the following reasons: (then followed a recitation of the charges against plaintiff substantially as outlined above).

A few days later plaintiff, by letter, asked for a Bill of Particulars as to the charges (which was furnished) and requested a hearing in accordance with Section 24—3 of the School Code. (Ill Rev Stats, ch 122, § 24—3.) Eight such hearings were held (from June 11 through September 26), thirty witnesses testified (twenty on behalf of plaintiff), and on October 20, 1960 the board rendered its unanimous decision finding the charges fully supported by the evidence and confirming its dismissal of plaintiff, effective November 2, 1960.

Plaintiff's motion for summary judgment in the Circuit Court did not question the board's decision on its merits, but on the ground that the board had not complied with Section 24—3 in the giving of notice and in the timely completion of its hearings.

453

The pertinent portion of the statute in question reads:

> "If the dismissal or removal is for any other reason or cause it shall not become effective until approved by a majority vote of all members of the board upon specific charges and after a hearing, if a hearing is requested in writing by the teacher within ten days after the service of notice as herein provided. Written notice of such charges shall be served upon the teacher at least sixty days before the effective date of the dismissal or removal, which date shall be between November first and the close of the school term. The hearing shall be held and the decision rendered within said period of sixty days but at least ten days shall intervene between the dates of the notice and hearing."

It was contended by plaintiff in the trial court that, since the hearings were not concluded and decision rendered within sixty days after service of the notice of dismissal, the whole proceeding was a nullity. The trial judge rejected this argument, as do we, because the record shows diligence and dispatch on the part of all concerned with the hearings. The fact that some of the hearings extended beyond the sixty-day period in order to hear all of plaintiff's witnesses is not a matter of which he can take advantage. Were it otherwise, a discharged teacher would only need to engage in a testimonial filibuster and thus postpone forever the effective date of his dismissal. (Eidenmiller v. Board of Education, 28 Ill App2d 90, 170 NE2d 792.)

The court did find with plaintiff, however, on the proposition that the notice of dismissal was defective, determining that the statute requires the board to specify an effective date of dismissal in the notice; that, in not specifying an effective date, the notice constituted a dismissal effective immediately; that an imme-

diate dismissal violated the sixty-day notice provision of the statute and was, therefore, void.

■ The only statutory language which gives any direction as to the contents of the dismissal notice are the words, "Written notice of such charges shall be served upon the teacher." We cannot read into these words, even upon considering them with the rest of the section, any requirement that the effective date of the dismissal be specified in the notice. As we understand it, the statute is silent as to how and when the effective date is to be determined, and as to how and when the teacher is to be notified of such a determination.

■ The statute does, however, impose limitations on the effective dismissal date. In cases, such as the one at bar, which involved hearings, the effective date must be:

(1) at least sixty days after the service of notice,

(2) after approval by a majority vote of all members of the board

(a) upon specific charges and

(b) after a hearing, and

(3) between November first and the close of the school term.

What, then, should be the consequence of a dismissal notice which failed to specify an effective date? The trial court, as mentioned, considered the entire procedure a nullity on account of this omission. We do not agree. We are inclined to believe that the section of the statute should be read into the notice so as to postpone the effective dismissal date to the first date available under the law—in this case November 2, 1960, since the notice was served less than sixty days prior to the close of the school term in June.

■ It is not necessary, however, for us to declare so broad an interpretation in this case because of our

455

view that the effective date need not be determined by or declared in the notice.* In looking elsewhere, we find in the record that at the hearing on August 1, 1960 the board, speaking through its attorney, notified plaintiff that the effective date should be considered as November first. Later, when the final order was entered by the board, it selected November second as the date, apparently out of an abundance of caution to make it *"between* November first and the close of the school term." Plaintiff can have no valid objection to this one-day extension. The board thus set an effective date which met the three requirements of the statute as set forth above.

We have been referred to no authorities on the point at the heart of this case, nor have we found any. It is our conclusion as to the points at issue in plaintiff's motion for summary judgment, that the actions of the board in this case complied with the statute and that plaintiff's dismissal was effective November 2, 1960.

The order of the Circuit Court is, therefore, reversed. Since the complaint raises matters not covered by plaintiff's motion for summary judgment, the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BURMAN, P. J. and MURPHY, J., concur.

---

* It seems entirely possible, and consistent with the statute, that the facts developed at the hearings might influence the board in its determination of when to make a dismissal effective.