EDWARD E. SZKIRPAN, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee.

(No. 60634; ▮▮▮▮▮▮▮▮▮▮

First District (1st Division)—June 16, 1975.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Ligtenberg, DeJong & Poltrock, of Chicago (John Ligtenberg, of counsel), for appellant.

Michael J. Murray, of Chicago (Mel Gaines, of counsel), for appellee.

Mr. JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Edward Szkirpan, filed a petition in the circuit court of Cook County under the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*) to review the decision of the Board of Education of the City of Chicago dismissing him as a teacher. The circuit court affirmed the Board's decision.

The plaintiff was employed as a teacher of mathematics at Bowen High School from March, 1969, until October 15, 1971, at which time he was suspended. Before being transferred to Bowen High School, he taught at Hyde Park High School for approximately eight years. The general superintendent of schools charged that the plaintiff, while teaching at Bowen, failed and refused to sign his name to the official daily time sheets, student records such as course books, reports of student attendance and failure notices and record sheets of student's marks, although he was repeatedly requested to do so; that on October 14, 1971, during a classroom visit by the school principal and the District Superintendent, who was observing the plaintiff's teaching as a follow-up on a previously issued E-1 efficiency rating notice, the plaintiff ordered the District Superintendent out of the classroom, advanced toward him in a threatening

manner, ridiculed him and made certain accusations toward him; and that, as a result, the plaintiff was arrested by the security police and removed from the school.

The plaintiff contends that the Board of Education did not have jurisdiction to order his dismissal because the Board failed to act within the time allowed by statute (Ill. Rev. Stat. 1971, ch. 122, par. 34—85), which provides in part:

> "The hearing shall be held and the decision rendered within 80 days from the date of service of the notice; provided however, that continuances of said hearing granted at the request of the teacher or principal shall not be included in computing this 80 day period."

The statutory period began to run on October 27, 1971, when the defendant received notice of the charges, and the case was continued to November 27 on the motion of the Trial Committee, which consisted of three members of the Board of Education. On November 17, however, the plaintiff requested a continuance until after January 5, 1972. Ostensibly, that request was made because criminal charges were pending against the plaintiff. On March 16 one of the attorneys for the plaintiff informed the Board that the criminal aspects of the case had been disposed of and asked that a hearing be set for April 3 or April 10 and that blank subpoenas be issued. The case was set for April 12. On April 12 the plaintiff's attorney asked for a continuance to the first week in May or after June 6 because the attorney was scheduled for surgery. The record reflects no activity by either side until October 13, 1972, when the attorney for the Board sent a letter to the plaintiff's attorney setting the case for November 1. The letter noted that the plaintiff's attorney had informed the Board that he could not go to trial in the month of October. On November 1, the hearing began and on November 3, which was a Friday, the plaintiff's attorney told the Trial Committee that he was going to Washington, D.C., the following week, and the hearing was continued by agreement of the parties until November 13, at which time the hearing was concluded and the matter taken under advisement. The Trial Committee convened on January 22; the plaintiff was not present but his attorney was; and the Committee Chairwoman recommended that the matter be continued until February 14 because of the absence of the plaintiff. On February 14 the plaintiff and his attorney were present, and the Board made its decision removing the plaintiff as a teacher.

The Board concedes that it was chargeable with the period between October 27, 1971, and November 17, 1971, and the 3 days of trial in November, 1972, for a total of 24 days, thus leaving, as the Board argues, "56 days in which to review and adopt or reject the recommendations of the Trial Committee and reinstate or dismiss the teacher based on

those findings." But the Board did not adopt the recommendations of the Committee and dismiss the plaintiff until February 14, 1973, or 93 days after the completion of the hearing. The question then becomes, was any part of the delay after November 13, 1972, attributable to the plaintiff? Or, as the defendant argues, is the plaintiff "estopped by his conduct" from asserting the time provision of the statute as a bar to the Board's authority to discharge him?

The brief of the defendant recites that "[f]or the benefit of the teacher, throughout the period from November 14, 1972 to January, 1973, the Trial Committee of the Board, the teacher's attorney and the attorney for the General Superintendent of Schools held post-trial conferences for the sole purpose of negotiating a compromise short of outright dismissal." The record does not support that statement, which is followed by a reference to a particular page of the report of proceedings which discloses the following remarks of Chairwoman Malis made on February 14:

> "On November 13, 1972, this matter was taken under advisement after hearings on November 1, November 3 and November 13, 1972. The Trial Committee having received all of the evidence offered in support of and in defense against the charges and specifications, we considered all of the evidence that was presented to us, both written evidence that was entered into the record and also the testimony of the witnesses and we did have a post-trial conference with your attorney, Mr. Szkirpan, Mr. Ligtenberg, and we did make a recommendation to him at that time."

In the plaintiff's reply brief he contends that there was no communication after November 13 except that "counsel for the Board notified counsel for Mr. Szkirpan that the Trial Committee would hold a meeting on January 22 to propose a settlement of the case. Counsel attended the meeting of January 22 as the record shows." The report of proceedings of January 22 shows the following:

> "CHAIRWOMAN MALIS: A quorum is present. However, Mr. Szkirpan does not appear to be present, and I am wondering if this Committee, Trial Committee, should not be postponed to another date when the defendant can be present to hear the recommendations of the Committee.
>
> MR. MURRAY [Board Attorney]: Madam Chairman, I suggest that this meeting be continued until 10:30, February 14, 1972, so that—
>
> CHAIRWOMAN MALIS: You mean 1973?
>
> MR. MURRAY: —1973, so that Mr. Szkirpan and counsel may be present together at that time to review the recommendations of the Committee.

CHAIRWOMAN MALIS: Is that time and date satisfactory to you, Mr. Ligtenberg?

MR. LIGTENBERG [Plaintiff's Attorney]: Yes, I accept that time and date.

\* \* \*

CHAIRWOMAN MALIS: Thank you. Let the record show that this Trial Committee will be adjourned today until 10:30, February the 14th, 1973, at which time we will make our recommendation if the defendant is present."

In oral argument the Board's attorney did not take issue with the statement of the plaintiff's attorney in the reply brief, and we judge from his remarks that the only "conference" between the parties was the hearing on January 22. No other conclusion is acceptable. If there were informal conferences between the attorneys at which recommendations for compromise were made, why would the Chairwoman require the plaintiff to be present, as she did on January 22, "to hear the recommendations of the Committee?" His own attorney could have given them to him. We judge, therefore, that the record does not show any delay after November 13, 1972, which could be attributed to the plaintiff. Even accepting the defendant's contention that the continuance from January 22 to February 14 was agreed to by the plaintiff's attorney, we must still conclude that the 70 days between November 13 and January 22 when added to the 24 days, conceded by the Board, exceed the statutory limit.

We further disagree that the conduct of the plaintiff, through his attorney, should estop him from now urging the statutory bar. At the beginning of the hearing on November 1, 1972, the attorney for the plaintiff said the following:

"I would like only to call your attention to the fact, and for the ·record, that the original setting of this case was on November 24, 1971, and that subsequent delays, subsequent delays subsequent to that date up to today are waived as far as the statutory requirements are concerned with regard to time within which trial must be held."

We believe this statement should have alerted the Board to the fact that the plaintiff was charging the Board with responsibility for the delay between October 27, 1971, and November 24, 1971, and that the Board was required, therefore, to complete the hearing and render a decision within 52 days.

The defendant contends that the time limitation of the statute is directory, and not mandatory, relying on *Miller v. Board of Education*, 37 Ill.App.2d 451, 454, 186 N.E.2d 790. The statute in *Miller* provided in part:

" "* * *

Written notice of such charges shall be served upon the teacher at least sixty days before the effective date of the dismissal or removal, which date shall be between November first and the close of the school term. The hearing shall be held and the decision rendered within said period of sixty days but at least ten days shall intervene between the dates of the notice and the hearing.' "

On May 13, the plaintiff in *Miller* received notice of charges; he filed a motion for a bill of particulars and demanded a hearing. These hearings were held from June 11 through September 26; 30 witnesses testified, 20 on behalf of Miller; and on October 20 the Board rendered its decision. The appellate court held that the expiration of the statutory period was not a bar, stating (37 Ill.App.2d at 454):

"The trial judge rejected this argument, as do we, because the record shows diligence and dispatch on the part of all concerned with the hearings. The fact that some of the hearings extended beyond the sixty-day period in order to hear all of plaintiff's witnesses is not a matter of which he can take advantage. Were it otherwise, a discharged teacher would only need to engage in a testimonial filibuster and thus postpone forever the effective date of his dismissal. [Citation.]"

The record does show that the plaintiff in *Miller* asked for a bill of particulars and the opinion is silent as to why eight hearings were spread over 107 days. It is fairly inferable that after the hearing began the case was continued from time to time to accommodate the plaintiff, for the opinion indicates that the "hearings extended beyond the sixty-day period in order to hear all of plaintiff's witnesses." We cannot say then that *Miller* is factually apposite here.

More in point is the case of *Cummings v. Daley,* 58 Ill.2d 1, 317 N.E.2d 22, decided after this case was heard in the circuit court. In that case the Chicago Commission on Human Relations recommended to the mayor that the real estate licenses of the plaintiffs be suspended for 90 days for a violation of the Chicago Fair Housing Ordinance. The mayor suspended the licenses, and the plaintiffs sought administrative review by a writ of certiorari. The supreme court said (58 Ill.2d 1 at 4-5):

"Section 7 of the Chicago Fair Housing Ordinance provides that if, as in this case, attempts to resolve a complaint by means of conciliation and persuasion prove unsuccessful, the Commission shall hold a full hearing on the complaint. Section 8 then provides that at the conclusion of the hearing '* * * the Commission shall render a written report and recommendations, which shall be served by mail upon the complainant and the respondent. *No*

*report shall be delayed more than sixty days after the date of the issuance of notice for commencement of the first hearing.'* (Emphasis added.) In this case the Commission issued its notice for the public hearing on November 17, 1969, but did not issue its report until March 26, 1970. Some of this delay was clearly attributable to the plaintiffs. At the initial hearing before the hearing examiner they moved for a continuance, which was granted, and they subsequently filed motions to dismiss and to take discovery depositions of the Commission's witnesses, the consideration of which caused further delay. These matters were finally resolved at the Commission's meeting on January 22, 1970, but the Commission still did not issue its report for another 63 days. None of this latter delay can be attributed to the plaintiffs.

Since the Commission delayed its report for more than 60 days after the conclusion of the public hearings, it lost jurisdiction of the matter and the order based on its proceedings is void."

We believe that *Cummings* is clearly applicable here. The hearing in this case had been completed on November 13. The Committee, in view of the plaintiff's long record of good teaching, was reluctant to recommend his removal. It decided to offer him reinstatement and back pay if he would submit an affidavit certifying his attendance as a teacher at Bowen High School; if he would thereafter sign all of the reports required of teachers; and if he would henceforth "conduct himself in a professional manner toward his superiors." The plaintiff apparently felt that he had done no wrong and, as a matter of principle, rejected the offer.

The Board's efforts in seeking a compromise were laudable; but there is nothing in the Act that provides that such efforts toll the statutory period. At the hearing on January 22, called by the Board to transmit its compromise offer to the plaintiff, the Chairwoman suggested that the matter be continued because of the absence of the defendant, whose presence, of course, was not required. The attorney for the Board suggested February 14 so that both the plaintiff and his attorney could be "present together at that time to review the recommendation of the Committee." When asked if that date was agreeable, the attorney for the plaintiff said that he accepted that date and that he would be available any time the Board wished. The Chairwoman said that the matter would be continued until February 14, at which time they would make their recommendation "if the defendant [Szkirpan] is present." We believe this continuance was clearly attributable to the Board only and not to the plaintiff. That being so, more than the statutory period elapsed after the hearing had been completed, and *Cummings* is factually identical.

Since the Board delayed its decision for more than 80 days after the hearing had been concluded, it lost jurisdiction of the subject matter, and the order of dismissal was void. In view of our position on this point, it is unnecessary to consider the other arguments of the plaintiff. The judgment of the circuit court is reversed.

Judgment reversed.

BURKE, P. J., and GOLDBERG, J., concur.