ANNA JOY SMITH, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF EAST ST. LOUIS SCHOOL DISTRICT NO. 189 OF ST. CLAIR COUNTY, Defendant-Appellee.

Fifth District   No. 76-326

Opinion filed August 19, 1977.

648

Drach, Terrell and Deffenbaugh, P. C., of Springfield, for appellant.

Edward Neville, of East St. Louis, for appellee.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

This is an appeal by the petitioner, Anna Joy Smith, from an order of the Circuit Court of St. Clair County dismissing her petition for a writ of mandamus ordering her reinstatement with back pay as a teacher for the school year 1975-76.

Petitioner is a tenured teacher in the East St. Louis School District No. 189, having entered into contractual continued service at the conclusion of the 1957-58 school term pursuant to section 24—2 of the School Code (Ill. Rev. Stat. 1957, ch. 122, par. 24—2). She was employed by the respondent board of education each school year from 1958-1959 through 1974-1975. On March 27, 1975, the board voted to dismiss the petitioner and served

her with a notice of charges and dismissal which stated it was to be effective immediately. Within 10 days thereafter petitioner requested a bill of particulars and a hearing on her dismissal. The board did not hold a hearing prior to the close of the 1974-75 school year and has not yet held a hearing in the two years which have elapsed since the issuance of the notice of dismissal. Petitioner was not re-employed for the 1975-1976 school term or thereafter.

On January 6, 1976, petitioner filed her petition for writ of mandamus asking for reinstatement as a teacher and for an award of damages equal to the amount she would have received had she been employed by the respondent board as a full-time teacher for the school year 1975-1976 and later years to the date of the final order of the court. She based her prayer for relief on the allegation that she was entitled to reemployment as a teacher on contractual continued service for the 1975-1976 school term by virtue of the provisions of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—12). On January 27, 1976, the respondent moved to dismiss on the following grounds: (1) that the facts alleged were not sufficient to show that petitioner had any clear legal right to a writ of mandamus; (2) that section 24—12 of the School Code does not require the board to assign petitioner teaching duties for the 1975-1976 school year; (3) that the board was unable to hold a hearing during the required time period, because the United States District Court for the Eastern District of Illinois had entered an injunction which removed the ability of the school district to function as a board; (4) that the law with regard to hearings was subsequently amended, and the district was awaiting assignment of a hearing officer; (5) that whether petitioner be again assigned teaching duties was a question within the board's discretion, and thus there was no legal duty allowing mandamus. On May 18, 1976, the court entered an order dismissing the petition.

On appeal petitioner contends that paragraphs 3 and 4 of respondent's motion to dismiss do not constitute proper grounds for the dismissal of the cause of action and that the board's failure to conduct a dismissal hearing under section 24—12 of the School Code within the required time period entitles petitioner to reinstatement to her teaching position.

■■ Petitioner maintains that because the grounds alleged in paragraphs 3 and 4 of the motion to dismiss as delineated above are based on facts which do not appear on the face of the pleading and because no affidavits were filed by respondent in support of these facts, the court had no authority to premise its dismissal on the grounds raised in these paragraphs. Respondent in its brief on appeal specifically concedes that paragraphs 3 and 4 of the motion to dismiss may not be considered in our review of the propriety of the trial court's dismissal of the petition for mandamus, and we agree. Both of these paragraphs set out factual

defenses not pleaded in the petition and thus must be disregarded. (See *Cain v. American National Bank & Trust Co.*, 26 Ill. App. 3d 574, 325 N.E.2d 799; *Affiliated Realty & Mortgage Co. v. Jurisch*, 17 Ill. App. 3d 146, 308 N.E.2d 118; *Elliott v. Illinois Central R.R. Co.*, 318 Ill. App. 112, 47 N.E.2d 375.) Moreover, the defense set up in paragraph 4 concerns an amendment to the School Code of August 26, 1976, which was after this cause of action arose. However, the remaining grounds raised in the motion were properly before the court. While the trial court did not specify upon which grounds it relied in allowing the motion to dismiss we must presume that it was upon one of the grounds properly presented.

The sole issue before us is whether the petition for the writ stated a cause of action and thus the trial court was in error when it granted the School Board's motion to dismiss. Since the motion to dismiss the petition for the writ admitted all facts well pleaded (*Reel v. City of Freeport*, 61 Ill. App. 2d 448, 451), we must examine the petition for the writ to determine whether or not it stated a cause of action.

■■ It is generally agreed that the Teacher Tenure Act (Ill. Rev. Stat. 1975, ch. 122, par. 24—11 *et seq.*) was enacted to guarantee able and experienced teachers a continuous service on the basis of merit and to prevent their dismissal for political, partisan or capricious reasons. *Hankenson v. Board of Education*, 10 Ill. 2d 560, 563, 141 N.E.2d 5; *Danahoo v. Board of Education*, 413 Ill. 422, 425, 109 N.E.2d 787; *Lusk v. Community Consolidated School District No. 95*, 20 Ill. App. 2d 252, 155 N.E.2d 650, 653; *Graham v. Board of Education*, 15 Ill. App. 3d 1092, 305 N.E.2d 310.

■■ Under the Act (Ill. Rev. Stat. 1975, ch. 122, par. 24—11) after serving a two-year probationary period a teacher enters upon "contractual continued service" which continues until the teacher reaches 65 years of age. A tenured teacher may be dismissed for cause but such dismissal can be accomplished only by following the procedures prescribed by section 24—12 of The School Code. (*Gould v. Board of Education*, 32 Ill. App. 3d 808, 336 N.E.2d 69, 72; *Miller v. Board of Education*, 51 Ill. App. 2d 20, 200 N.E.2d 838, 842.) Moreover it has been held that the Act is essentially procedural and thus must be strictly complied with in dismissing a tenured teacher. (*Gilliland v. Board of Education*, 35 Ill. App. 3d 861, 343 N.E.2d 704.) The pertinent part of section 24—12 upon which petitioner relies states as follows:

"* * * If the dismissal or removal is for any other reason or cause it does not become effective until approved by a majority vote of all members of the board upon specific charges and after a hearing, if a hearing is requested in writing by the teacher within 10 days after the service of notice as herein provided. Written notice of such charges shall be served upon him at least 60 days before the

effective date of his dismissal or removal. Such notice shall contain a statement that a bill of particulars will be provided upon receipt of a written request from the teacher or his attorney within 10 days of receipt of such notice. If so requested, a bill of particulars shall be delivered to the teacher, within 5 days after receipt of the request. The request by the teacher for a hearing or for a bill of particulars may be made by certified or registered mail. The effective date of the dismissal or removal shall be after November 1 and before the close of the school term. The hearing shall be held and the decision rendered before the effective date of dismissal or removal but at least 10 days shall intervene between the dates of the request for hearing and the hearing itself." Ill. Rev. Stat. 1973, ch. 122, par. 24—12.

■■    Petitioner argues that she was improperly dismissed because by the provisions of section 24—12 a dismissal does not become effective until after a hearing, if requested, as it was here. Petitioner further maintains that the Board lost jurisdiction to dismiss her by failing to hold a dismissal hearing. We agree.

■■  ■    The language of section 24—12 unequivocally and unambiguously states that a dismissal does not become effective until after a hearing. The section further provides that the effective date of the dismissal should be after November 1 but before the close of the school term and that the hearing shall be held and the decision rendered prior to the effective date of dismissal. The section thus does not set up a numerical limitation of days within which a hearing must be held and a decision rendered. However, reading the section as a whole we feel it is clear that if the dismissal must be effective prior to the close of the school term and the hearing must be held prior to the effective date of dismissal, then both the dismissal and the hearing must take place between November 1 and the close of the school term in the year in which the dismissal is to be effective. In the case before us petitioner was dismissed "effective immediately" on March 27, 1975, without a hearing ever being held. She was not reemployed for the 1975-76 school term or thereafter. Thus it is beyond dispute that the discharge of petitioner which was rendered by the notice of dismissal and then in actuality carried out by failing to reemploy her was accomplished without affording her the protective procedures ordained by section 24—12. Accordingly, we find that the failure of the Board to comply with these procedures must necessarily render the order of dismissal null and void.

In so holding, we are mindful that the Board, on appeal, contends that the dismissal procedure with regard to petitioner is still pending, and that therefore petitioner has no right to relief by way of mandamus. In so arguing, the Board relies upon *Betebenner v. Board of Education,* 336 Ill.

App. 448, 457, 84 N.E.2d 569, 573. Therein the court held that the teacher in that case was not barred by laches in the commencement of his action to compel his reinstatement, and by explanation of the delay that had occurred stated that "appellee would have no clear right of action in mandamus so long as the proceedings attempting to discharge him were pending." Even if we were to concur with this statement, we find that it does not apply in the instant case, because the proceedings cannot be said to be still pending. If we were to agree with the Board that the discharge procedures are still pending we would in effect be sanctioning a practice which would allow the Board of Education to issue and carry out the dismissal of a tenured teacher and then delay the granting of a hearing indefinitely. The teacher would remain in an unemployed state of limbo at the pleasure and direction of the Board, with no right of appeal because a final decision had not been reached and no means of compelling the Board to act because of the pendency of the proceedings. To so hold would defeat the overall purpose of the Teacher Tenure Act which is to protect teachers from such arbitrary actions, and would directly be in conflict with the specific dictate of section 24—12 which provides that the dismissal is not effective until after a hearing. The instant case itself furnishes an example of the extreme lengths to which such a policy can be carried. Over two years and two full school terms have elapsed since the commencement of the dismissal action against petitioner, and she is still uncertain of her status and has never had a hearing on the charges made against her.

Neither petitioner nor respondent has cited, nor has independent research revealed, any cases brought under the section of the School Code with which we are now concerned where a dismissal was issued and made effective prior to a hearing or where a hearing was delayed for so long a period of time. However, in *Eidenmiller v. Board of Education*, 28 Ill. App. 2d 90, 170 N.E.2d 792 (abstract), the court considered a contention that an order of the Board should be set aside because it was not entered within 60 days from the date the teacher was served with a notice of the charges against her as required by statute. The court refused to set aside the order on this ground, however, because some of the continuances and delays were at the request of the teacher. Similarly, in *Miller v. Board of Education*, 37 Ill. App. 2d 451, 186 N.E.2d 790, 792, the teacher argued that because the hearings were not concluded and the decision rendered within 60 days, the whole proceeding was a nullity. The court rejected this contention "because the record shows diligence and dispatch on the part of all concerned with the hearings." The court found that some of the hearings extended beyond the 60-day period in order to hear all the teacher's witnesses and that he could not use this extension of time to his own advantage. The court stated that "were it

otherwise, a discharged teacher would only need to engage in a testimonial filibuster and thus postpone forever the effective date of his dismissal." Unlike the *Eidenmiller* and *Miller* cases, in the matter before us there is no indication that any portion of the delay in failing to grant a hearing was occasioned by the actions of the petitioner; in fact, the delay is the result of the deliberate action of the School Board.

We also take cognizance of and find persuasive a number of other cases where time limits or other procedural safeguards under the applicable statute prescribing the method for dismissal had been violated. In each of these, the courts found that the order of dismissal was void and that the Board or administrative body had lost jurisdiction of the matter by failing to comply with the statutory provisions. See *Szkirpan v. Board of Education*, 29 Ill. App. 3d 1047, 331 N.E.2d 863; *Paprocki v. Board of Education*, 31 Ill. App. 3d 112, 334 N.E.2d 841; *McReynolds v. Civil Service Com.*, 18 Ill. App. 3d 1062, 311 N.E.2d 308; *Bessler v. Board of Education*, 11 Ill. App. 3d 210, 296 N.E.2d 89.

For the above reasons, we find that the allegations of the petition filed by the petitioner more than adequately set forth a cause of action, and that the trial court erred in dismissing the petition. The order of the Circuit Court of St. Clair County is reversed and the case is remanded to the trial court for a hearing on its merits after an appropriate answer is filed to the petition.

Reversed and remanded.

JONES and EBERSPACHER, JJ., concur.