DELORES NEAL, Plaintiff-Appellant, *v.* BOARD OF EDUCATION, SCHOOL DISTRICT NO. 189, Defendant-Appellee.

Fifth District   No. 76-518

Opinion filed November 29, 1977.—Rehearing denied January 31, 1978.

Gerald L. Montroy and David J. Letvin, both of Cohn, Carr, Korein, Kunin and Brennan, of East St. Louis, for appellant.

Edward Neville, of East St. Louis, for appellee.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Plaintiff Delores Neal takes this appeal from a judgment of the Circuit Court of St. Clair County upholding the action of the defendant, Board of Education of School District No. 189 dismissing her from her tenured teaching position.

Plaintiff commenced teaching at Wilson School, District No. 189, of St. Clair County in the fall of 1974. In 1975 she was employed by the District under contractual continued services, thereby acquiring tenure. On March 27, 1975, the Board sent plaintiff a notice of charges and dismissal wherein she was notified that she was dismissed, effective immediately, for negligence, incompetence, insubordination, lack of cooperation and a failure to remedy deficiencies previously brought to her attention. On April 10, 1975, plaintiff received a bill of particulars. A public hearing was conducted pursuant to section 24—12 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—12) on September 2, 1975, after which the Board reaffirmed its order of dismissal, concluding that the deficiencies found were not remediable.

On October 1, 1975, plaintiff filed a complaint for administrative review in the circuit court which, after a hearing, affirmed the Board's decision. Plaintiff appeals from that judgment and contends: (1) that her discharge is void for want of jurisdiction in the Board due to its failure to give plaintiff proper notice, and (2) that her dismissal is void due to the failure of the Board to comply with the statutory requirements respecting the timing of her dismissal.

■■ At the outset we note that the Board, on appeal, has not briefed or responded to the second assignment of error urged by the plaintiff. Plaintiff asserts that this amounts to a confession of error, and that the judgment should be reversed outright on this basis. Where an appellee has failed to respond in its brief to an issue raised by the appellant this court stated the following in *Marcus v. Green*, 13 Ill. App. 3d 699, 710, 300 N.E.2d 512, "Such a failure to meet and answer the grounds for reversal urged by appellant would alone be sufficient for reversal." (*Stubbs v. Austin*, 285 Ill. App. 535, 2 N.E.2d 358). *A fortiori*, despite the Board's failure to respond to the allegation concerning the timing of plaintiff's

dismissal, we proceed to a determination of the merits of this issue and will consider this matter first, because we find it dispositive of the appeal.

The notice sent to plaintiff on March 27, 1975 stated that her dismissal was effective immediately. In her complaint, plaintiff alleged that the steps and procedures required by section 24—12 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—12) for dismissal of a tenured teacher were not complied with by the Board. Specifically, she claimed that she was not served with written notice of the charges at least 60 days before the effective date of dismissal; that the dismissal was not subsequent to the date of the hearing; and, that if the effective date was considered to be September 2, 1975, when the Board, after the hearing, reaffirmed the earlier dismissal, then the removal date was not after November 1 and before the close of the school term as the statute requires.

The trial court ruled against plaintiff on these allegations, and, relying on *Miller v. Board of Education*, 37 Ill. App. 2d 451, 186 N.E.2d 790, held that the effective date is limited by the statute and is not determined by the notice. On this basis, the court found that the effective date was after the hearing on September 2, 1975, thereby making the dismissal in compliance with the "60 day notice" and "after a hearing" requirements of the statute relating to the timing of dismissals. The trial court recognized, however, that an effective date of September 2, 1975, did not strictly comply with the statutory requirement that the dismissal be between November 1 and the close of the school term. However, the court held that if the teacher was served with notice more than sixty days before the end of the school year, then the effective date need not be after November 1, because the 60-day notice would give the teacher sufficient time to seek other employment. We do not agree with the trial court's interpretation of the controlling statute and find that the judgment must be reversed on this basis.

■■ Section 24—12 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—12), which governs the procedures for removal of tenured teachers, provides in pertinent part:

> "* * * If the dismissal or removal is for any other reason or cause it does not become effective until approved by a majority vote of all members of the board upon specific charges and after a hearing, * * * Written notice of such charges shall be served upon him at least 60 days before the effective date of his dismissal or removal. * * * The effective date of the dismissal or removal shall be after November 1 and before the close of the school term. The hearing shall be held and the decision rendered before the effective date of dismissal or removal * * *."

Thus, this section, in clear and unambiguous language, mandates that the

dismissal must be at least 60 days after the service of the notice, after a hearing is requested, and between November 1 and the close of the school term. In the case before us, one or more of the requirements of the statute is violated whether the March 27, 1975, or the September 2, 1975, date is found to be the effective date of dismissal. We do not agree with the trial court's holding that the statutory provision requiring dismissal between November 1 and the close of the school term need not be complied with if the teacher has 60 days notice of the charges against her prior to the end of the school year. This interpretation is simply not warranted by the language of the statute which provides no exceptions to the time limitations for dismissals which it establishes. In *Donahoo v. Board of Education*, 413 Ill. 422, 109 N.E.2d 787, the Illinois Supreme Court, in speaking of the teacher tenure act, held:

> "The province of the courts is not to legislate but to interpret. We cannot read out of the statute words which the legislature has placed therein any more than we can read into the statute words which are not within the manifest intention of the legislature as determined by the statute itself." (413 Ill. 422, 426.)

Moreover, we are not in accord with the circuit court's position which would allow a court, upon the administrative review of the school board's proceedings, to cure procedural errors made by the Board by supplying a lawful date of dismissal in lieu of an improper date adopted by the Board and communicated to the teacher. To allow such a practice would be inherently unfair to teachers who would remain uncertain as to the lawfully effective date of their dismissal unless and until they appealed the decision of the Board to the courts. Such a procedure is beyond the province of the courts. In *Waller v. Board of Education*, 13 Ill. App. 3d 1056, 302 N.E.2d 190, we held that when a decision of the School Board is reviewed under the provisions of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*), one of the functions of the courts is to determine whether "the record show[s] that the steps and procedures required by law were taken, * * *." If, after examining the record with regard to this question, "the court concludes that there were failures or omissions which substantially affect the rights of the party against whom the proceedings are taken, it has no choice but to reverse." 13 Ill. App. 3d 1056, 1058.

We also find that the holding in *Miller v. Board of Education*, 37 Ill. App. 2d 451, 186 N.E.2d 790, upon which the lower court relied, does not apply to the instant case. In *Miller*, the original notice of charges and dismissal did not specify any effective date, whereas in the matter before us the Board improperly made the dismissal effective on the same date the notice was sent. Also, in *Miller*, the final order of the Board entered after a

hearing set the effective date of dismissal as November 2, thus meeting the requirements of section 24—12. In our case, the Board never did select a dismissal date other than the March 27, 1975, date on which the notice was served. Thus, *Miller* is factually inapposite to this case.

■■ The teacher tenure act is essentially procedural. A teacher under contractual continued service can be dismissed for cause, but such dismissal can be validly accomplished only by adherence to the methods prescribed by section 24—12 of the School Code. (*Smith v. Board of Education*, 52 Ill. App. 3d 647, 367 N.E.2d 296; *Gould v. Board of Education*, 32 Ill. App. 3d 808, 336 N.E.2d 69, 72.) Therefore, we find that the plaintiff was dismissed in a manner which violated the statutory time requirements for dismissal ordained by section 24—12, and that the dismissal is void. Because of our holding on this issue, it is unnecessary to consider the remaining assignment of error raised on this appeal.

Accordingly, and for the reasons discussed herein, the judgment of the Circuit Court of St. Clair County affirming the Board's order of dismissal is hereby reversed.

Reversed.

EBERSPACHER and G. J. MORAN, JJ., concur.