ANNA JOY SMITH, Plaintiff-Appellee, *v.* THE BOARD OF EDUCATION OF EAST ST. LOUIS SCHOOL DISTRICT NO. 189, Defendant-Appellant.

Fifth District   No. 78-199

Opinion filed August 9, 1979.

Edward Neville, of East St. Louis, for appellant.

Drach, Terrell and Deffenbaugh, P. C., of Springfield, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:
This is an appeal by the defendant Board of Education from an order of the Circuit Court of St. Clair County issuing a writ of mandamus

commanding the Board of Education to assign the petitioner, Anna Joy Smith, as a full-time teacher for the school year 1975-1976 and later years.

The petitioner is a tenured teacher in the East St. Louis School District No. 189. She was employed by the Board each school year from 1958-1959 through 1974-1975. On March 27, 1975, the Board voted to dismiss the petitioner and served upon her a notice of charges and dismissal which stated that it was to be effective immediately. Within 10 days thereafter, petitioner requested a bill of particulars and a hearing on her dismissal. The Board furnished petitioner with a bill of particulars but did not hold a hearing prior to the close of the 1974-1975 school year nor up to and including the time this suit was filed.

On January 6, 1976, petitioner filed her petition for a writ of mandamus, asking for her reinstatement as a teacher and for an award of damages equal to the amount she would have received had she been employed as a full-time teacher for the school year 1975-1976 and later years to the date of the final order of the court. The circuit court initially granted defendant's motion to dismiss for failure to state a cause of action. Petitioner appealed this dismissal, and this court reversed, holding that the petition more than adequately stated a cause of action (*Smith v. Board of Education* (1977), 52 Ill. App. 3d 647, 367 N.E.2d 296).

On remand, the circuit court found in favor of petitioner, and ordered the Board to assign her as a full-time teacher for the school year 1975-1976 at the appropriate salary, and awarded damages equal to the amount she would have received had she been employed by the Board from the time of the purported dismissal to the date of the final order of the court. The Board has brought this second appeal.

The only issue raised by the Board on this appeal is whether the petitioner has shown affirmatively a clear duty to provide her with a hearing under section 24—12 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—12) prior to the end of the school term for the school year 1974-1975.

Section 24—12 of the School Code, which governs the procedures for removal of tenured teachers, provides in pertinent part:

"* * * If the dismissal or removal is for any other reason or cause it does not become effective until approved by a majority vote of all members of the board upon specific charges and after a hearing, * * *. Written notice of such charges shall be served upon him at least 60 days before the effective date of his dismissal or removal. * * * The effective date of the dismissal or removal shall be after November 1 and before the close of the school term. The hearing shall be held and the decision rendered before the effective date of dismissal or removal * * *." Ill. Rev. Stat. 1973, ch. 22, par. 24—11.

Despite this language, the Board contends that there is no duty to hold a hearing prior to the end of the school term and argues that both our earlier decision in this case and *Neal v. Board of Education* (1978), 56 Ill. App. 3d 10, 371 N.E.2d 869, should be reversed.

■■ In the first appeal in this case, we held that the Board had lost jurisdiction to dismiss petitioner by failing to hold a dismissal hearing. Under the School Code, a tenured teacher may be dismissed for cause, but such dismissal can be accomplished only by following the procedures prescribed by section 24—12 (*Gould v. Board of Education* (1975), 32 Ill. App. 3d 808, 336 N.E.2d 69, 72; *Miller v. Board of Education* (1964), 51 Ill. App. 2d 20, 200 N.E.2d 838, 842). The Act is essentially procedural and thus must be strictly complied with in dismissing a tenured teacher. (*Gilliland v. Board of Education* (1976), 35 Ill. App. 3d 861, 343 N.E.2d 704.) As we held in the first appeal in this case:

> "The language of section 24—12 unequivocally and unambiguously states that a dismissal does not become effective until after a hearing. The section further provides that the effective date of the dismissal should be after November 1 but before the close of the school term and that the hearing shall be held and the decision rendered prior to the effective date of dismissal. The section thus does not set up a numerical limitation of days within which a hearing must be held and a decision rendered. However, reading the section as a whole we feel it is clear that if the dismissal must be effective prior to the close of the school term and the hearing must be held prior to the effective date of dismissal, then both the dismissal and the hearing must take place between November 1 and the close of the school term in the year in which the dismissal is to be effective. In the case before us petitioner was dismissed 'effective immediately' on March 27, 1975, without a hearing ever being held. She was not reemployed for the 1975-76 school term or thereafter. Thus it is beyond dispute that the discharge of petitioner which was rendered by the notice of dismissal and then in actuality carried out by failing to reemploy her was accomplished without affording her the protective procedures ordained by section 24—12. Accordingly, we find that the failure of the Board to comply with these procedures must necessarily render the order of dismissal null and void." 52 Ill. App. 3d 647, 651, 367 N.E.2d 296, 299.

In *Neal v. Board of Education*, a tenured teacher was dismissed by this same Board by sending her a notice of charges and dismissal, also dated March 27, 1975. Unlike this case, in *Neal* a public hearing was ultimately held on September 2, 1975, in which the Board reaffirmed its order of dismissal. However, September 2 was after the close of the

school term. On appeal, this court reviewed section 24—12 of the School Code, and held:

"Thus, this section, in clear and unambiguous language, mandates that the dismissal must be at least 60 days after the service of the notice, after a hearing if requested, and between November 1 and the close of the school term." 56 Ill. App. 3d 10, 12-13, 371 N.E.2d 869, 872.

■■ Appellant contends that this court's application of section 24—12 of the School Code in *Neal* should be reversed for the reason that it would be impossible to dismiss a tenured teacher before November 1 and after 60 days prior to the close of the school term. This argument fails to take into account that portion of section 24—12 providing:

"* * * If in the opinion of the board the interests of the school require it, the board may suspend the teacher pending the hearing, but if acquitted the teacher shall not suffer the loss of any salary by reason of the suspension. * * *"

Therefore, we hold that the Board had the duty to hold the requested dismissal hearing before the close of the school term for the school year 1974-1975. Because the Board failed to do so, the Writ of Mandamus was properly issued.

For the foregoing reasons, the order of the Circuit Court of St. Clair County is affirmed.

Affirmed.

G. MORAN, P. J., and KARNS, J., concur.