(No. 47095.—

DAVID W. GLOVER, Appellant, v. BOARD OF EDUCATION OF MACON COMMUNITY UNIT DISTRICT NO. 5, Appellee.

*Opinion filed Nov. 17, 1975.—Rehearing denied Jan. 22, 1976.*

CREBS, J., took no part.

R. W. Deffenbaugh, of Drach, Terrell 'and Deffenbaugh, of Springfield, for appellant.

Glen A. Featherstun, of Armstrong, Winters, Prince, Tenney, Featherstun & Johnson, of Decatur, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

Commencing with the fall term in 1969, the plaintiff, David W. Glover, was employed as a teacher by the defendant, Board of Education of Macon Community Unit District No. 5. He was reemployed in the fall of 1970. In February of 1971, the defendant determined, as it was authorized to do under section 24—11 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 24—11), to extend the probationary status of the plaintiff for an additional one-year period. On March 29, 1972, during the plaintiff's extended probationary period, the defendant board of education unanimously voted to dismiss the plaintiff.

Thereafter, in May of 1972, the Board conducted hearings at which testimony was received concerning the conduct of the plaintiff as a teacher, and on May 15, 1972, the Board again unanimously adopted a resolution dismissing the plaintiff.

The plaintiff then brought this action under the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*) in the circuit court of Macon County. The trial judge described the issues before the court in these terms:

"First: whether Plaintiff had attained tenured status.
'Second: if so, whether the causes of his dismissal were remediable.
Third: if the causes were irremediable, whether the

action of Defendant's Board is against the manifest weight of the evidence."

The judge determined that the plaintiff was a tenured teacher, that the causes for his dismissal were remediable and "that the record as presented here is against the manifest weight of the evidence and the opposite result is unmistakable, indisputable, self-evident, plain, clear and beyond a doubt." Upon the defendant's appeal, the Appellate Court, Fourth District, held that the defendant's dismissal of the plaintiff was clearly not against the manifest weight of the evidence, and reversed. (21 Ill. App. 3d 1053.) One judge of the appellate court dissented upon the ground that the statutory procedure for hearing and discharge of a tenured teacher deprived the plaintiff of due process of law.

The plaintiff has embraced that constitutional issue, which appeared in this case for the first time in the dissenting opinion in the appellate court. In this court the plaintiff's chief contention is that the statutory procedure for the dismissal of teachers who have acquired tenure (or, in the language of the statute, the status of "contractual continued service") deprives him of due process of law. He also argues that the charges against him were remediable and that as a tenured teacher he was entitled, before service of charges, to reasonable notice in writing "stating specifically the causes which, if not removed, may result in charges." Ill. Rev. Stat. 1971, ch. 122, par. 24—12.

Both of these contentions assume that at the time of his dismissal the plaintiff had acquired tenure, and was therefore entitled to a hearing before he could be discharged. After its initial resolution of March 29, 1972, dismissing the plaintiff, hearings were conducted by the defendant as though the plaintiff was a tenured teacher, and another resolution was adopted, again dismissing him. The reason for this unusual action is not clear from the record. The hearings were requested by the plaintiff, and while the Board acquiesced, it has consistently maintained

throughout these proceedings that the plaintiff had not entered upon contractual continued service and as a probationary teacher was subject to dismissal without an evidentiary hearing. See *Donahoo v. Board of Education* (1953), 413 Ill. 422, 425-426; *cf. Romanik v. Board of Fire and Police Commissioners* (1975), 61 Ill.2d 422; *Fooden v. Board of Governors* (1971), 48 Ill.2d 580, 584-585, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.

We agree with the defendant that the plaintiff had not entered upon "contractual continued service." He was first employed in the fall of 1969 on a probationary basis. On February 15, 1971, at the regular monthly meeting of the defendant, a motion was adopted that certain other probationary teachers be placed on tenure for the following school year, but that the probationary period of the plaintiff be extended for one additional year.

That action was taken pursuant to the second paragraph of section 24—11 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—11), which in 1971 provided:

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period. If, however, a teacher has not had 1 school term of full-time teaching experience prior to the beginning of such probationary period, the employing board may at its option extend such probationary period for 1 additional school term by giving the teacher written notice by registered mail at least 60 days before the end of the second school term of the period of 2 consecutive school terms referred to above."

The plaintiff's claim to tenure is based upon the contention that the defendant did not give him written notice of its action in extending his probationary period in the manner directed by the statute, and that by virtue of the first sentence of the paragraph set out above, he therefore

automatically acquired tenure at the beginning of the 1971-1972 school year.

It is conceded that no notice was sent to the plaintiff by registered mail. The district superintendent testified, however, that a copy of the minutes of the February 15, 1971, meeting, in which the action taken with regard to plaintiff appeared on the first page as paragraph 6, was given to every teacher, and in his brief the plaintiff admits that he did receive a copy of the minutes by mail. The statute does not prescribe any particular form in which the notice is to be cast, and we consider that furnishing a copy of the minutes was sufficient in the circumstances of this case. It is true that the statute prescribes registered mail as the vehicle for notification, whereas only ordinary mail was employed here. But where the plaintiff was notified in another manner and had actual knowledge that his probationary period had been extended, we hold that the notice requirement has been satisfied.

A somewhat similar situation was presented to the Appellate Court for the Third District in *Donahoo v. Board of Education* (1952), 346 Ill. App. 241, which involved the dismissal of a probationary teacher. The claim was made in that case that delivery of a notice in person, rather than by registered mail, failed to meet the statutory requirement. The appellate court rejected this claim, saying that personal delivery constituted full compliance with the intent of the statute. When *Donahoo* reached this court (*Donahoo v. Board of Education* (1953), 413 Ill. 422), the judgment of the appellate court was reversed, but on a different ground, namely, the failure of the notice to contain a statement of the specific reasons for his dismissal, as was prescribed by the statute. We held that the provision in the School Code requiring such a statement was mandatory. (See 413 Ill. 422, 426.) Although section 24–11 was amended in 1973 (Laws of 1973, p. 1434) to add a similar provision requiring a statement of reasons to accompany notice of an extension

of probation, the section contained no such provision at the time when the Board extended the plaintiff's probationary period. Our decision in *Donahoo* thus does not govern the present case.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.