460

JOAN FRIESEL, Plaintiff-Appellee, *v.* BOARD OF EDUCATION OF MEDINAH ELEMENTARY SCHOOL, DISTRICT NO. 11, DU PAGE COUNTY, Defendant-Appellant.

Second District   No. 79-49

Opinion filed December 12, 1979.

Ralph Miller, of Franke & Miller, of Chicago, for appellant.

Lawrence Jay Weiner, of Lawrence Jay Weiner & Associates, of Chicago, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Joan Friesel, the plaintiff, sought reinstatement as a tenured teacher with back pay, following her dismissal by her employer, the Board of Education of Medinah Elementary School, District No. 11, Du Page County, Illinois (the Board). The trial court entered summary judgment in favor of the plaintiff, and the Board appeals.

Prior to her dismissal plaintiff had entered upon contractual continued service (tenure). In August of 1976, she informed her principal and superintendent that she would not be able to begin teaching that year because of illness. The Board does not dispute her competence as a teacher or the legitimacy of her illness; nor does it dispute the fact that prior to the commencement of the 1976-1977 school year plaintiff had accumulated approximately 56½ days of sick leave.

The Board obtained a substitute teacher for the start of the school year and requested a detailed physician's report from the plaintiff by a letter dated August 16, 1977. Plaintiff responded in a letter dated the next day, stating that the physician would send a letter after her August 19 appointment with him and that she would meet with the superintendent at a time when she could be with her husband. Plaintiff also sent a letter to the superintendent on August 20 saying she would be absent for at least two months. On August 26, the superintendent wrote for additional information. On September 14, the plaintiff's physician wrote a letter to the superintendent informing him of the diagnosis, treatment, and temporary incapacity of the plaintiff.

The Board, on October 4, 1976, at a regular meeting adopted a resolution defining disability. This resolution reads:

"Temporary illness of [sic] temporary incapacity are defined by this Board of Education, within the purview of Section 24—13 of the School Code of Illinois, as follows:

Any illness or other condition of illbeing [sic] which will render a teacher physically unable to perform assigned teaching duties. This period shall not exceed a total of 90 consecutive *school* days to run concurrently with accrued sick leave." (Emphasis added.)

On October 7 the superintendent wrote the plaintiff stating he was processing her "sick leave" and requesting more information. Ms. Friesel responded that she did not know when she could return. On November 16, the superintendent informed the plaintiff that her sick leave had expired, again asked for a medical report, and informed her that she was now on temporary illness status which was regulated under the new

resolution, and if her illness lasted over 90 days the Board would terminate her tenure. More exchanges of the same nature followed.

On January 5, 1977, the plaintiff's doctor wrote to say that the plaintiff was still under his care and incapacitated. No date for return was given. On February 10, the plaintiff wrote to state that with her doctor's permission she could return to work on April 1, and affirmed this in a meeting with the superintendent on February 14.

The Board terminated plaintiff's employment, effective immediately, on February 21, 1977, for failure to comply with the regulation. No hearing was provided, and none was requested by the plaintiff.

On March 9, the plaintiff's doctor wrote stating that she could return to work on April 1. On May 12 plaintiff filed her law suit. Summary judgment was granted to the plaintiff because no hearing was granted in accordance with section 24—12 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—12). The trial court stated that it was not necessary to rule on the validity of the regulation as grounds for dismissal because of its disposition of the case.

The issues are governed by section 24—12 of the School Code in effect when the case was filed on May 12, 1977 (Ill. Rev. Stat. 1975, ch. 122, par. 24—12), which provides as material:

"If a dismissal or removal is sought for any other reason or cause, including those under Section 10—22.4, the board must first approve a motion containing specific charges by a majority vote of all its members. Unless the teacher within 10 days requests in writing of the board that no hearing be scheduled, the board shall schedule a hearing on those charges before a disinterested hearing officer on a date no less than 30 nor more than 60 days after the enactment of the motion."

Section 10—22.4 provides that teachers may be dismissed for cause, "subject, however, to the provisions of Sections 24—10 to 24—15, inclusive" and further states that "[t]emporary mental or physical incapacity to perform teaching duties, as found by a medical examination, is not a cause for dismissal." Ill. Rev. Stat. 1977, ch. 122, par. 10—22.4.

Section 24—13 provides in pertinent part: "The contractual continued service status of a teacher is not affected by his promotion, absence caused by temporary illness or temporary incapacity as defined by regulations of the employing board, leave of absence mutually agreed upon between the teacher and the board, or [military absences]." Ill. Rev. Stat. 1977, ch. 110, par. 24—13.

■■ The language of the statute is clear. Plaintiff's termination was clearly a discharge and for reasons other than the permissible reduction of employees. The language, "the board shall schedule a hearing" clearly

entitles her to a hearing. As noted in *Donahoo v. Board of Education* (1953), 413 Ill. 422, 426:

> "We cannot read out of the statute words which the legislature has placed therein any more than we can read into the statute words which are not within the manifest intention of the legislature as determined by the statute itself. * * *"

Moreover, the cases interpreting section 24—12 prior to the amendment of its hearing provisions have held that the act must be complied with strictly and that tenured teachers may be dismissed only if the procedures of the section are followed. (See, *e.g.*, *Smith v. Board of Education* (1977), 52 Ill. App. 3d 647, 650; *Gould v. Board of Education* (1975), 32 Ill. App. 3d 808, 811; *Neal v. Board of Education* (1977), 56 Ill. App. 3d 10, 14.) The new amendment makes a hearing mandatory upon the board unless the discharged teacher waives the hearing. There is no indication that this change is meant to overrule the long tradition of strict compliance with the act before dismissal.

■■ In essence the Board first argues against the clear language of the statute that section 24—12 is superseded by the right of the Board in section 24—13 to pass regulations on "temporary illness." It contends that section 24—13 gives the Board the right to create regulations defining "temporary illness or incapacity"; that the defendant did so create them; that the plaintiff violated those regulations, and by so doing automatically lost her status as a tenured teacher and any rights accruing from that status. The plaintiff contends, and the trial court agreed, that the right to promulgate regulations is subject to the right of the teacher to a hearing before dismissal. We also agree.

■■ ■ There is no question that the Board has rights to make rules defining temporary incapacity. (See *Gould v. Board of Education* (1975), 32 Ill. App. 3d 808; *Elder v. Board of Education* (1965), 60 Ill. App. 2d 56.) However, a dismissal brought about because of the failure to comply with board regulations on temporary incapacity comes within the category of dismissals "sought for any other reason or cause" within section 24—12, and gave the plaintiff a right to a hearing prior to dismissal.

■■ The Board further argues that the hearing "would have been a mockery, for there would have been nothing for the hearing officer to determine," and therefore that the statute should not be construed to require a useless act. Even if only questions of law were involved we would be unable to agree with the Board's argument that this obviates the hearing requirement. It is an established principle of administrative law that an administrative agency may exercise judicial functions in the sense of applying the law to the facts before the agency so long as the judiciary can effectively correct any errors of the agency. (*City of Waukegan v. Pollution Control Board* (1974), 57 Ill. 2d 170, 175; see also 1 Am. Jur. 2d

*Administrative Law* §185, at 989 (1962).) In *Caterpillar Tractor Co. v. Department of Revenue* (1963), 29 Ill. 2d 564, 566, the administrative agency held a hearing on stipulated facts and rendered a ruling on the application of law to those facts. The supreme court, however, did not state that a hearing should not have been held, but rather noted that "[s]ince the facts are not in dispute their legal effect becomes a matter of law reviewable by this court." *Caterpillar,* 29 Ill. 2d 564, 566. See also *Gibbs v. Orlandi* (1963), 27 Ill. 2d 368, 371, and *General Electric Co. v. Fair Employment Practices Com.* (1976), 38 Ill. App. 3d 967, 979.

Section 24—12 of the School Code vests in the tenured teacher facing dismissal a right to a hearing. The procedures provided under this section are consistent with the quasi-judicial nature of an administrative hearing. Although the hearing officer is not bound by the formal rules of evidence, the parties to the hearing are accorded due process protection: the right to a public hearing, the right to counsel, the right to subpoena and confront witnesses. Further, all testimony is taken under oath and a formal record of the proceedings must be kept.

Section 24—12 empowers the State Board of Education to promulgate "uniform standards and rules of procedure for such hearings." (Ill. Rev. Stat. 1977, ch. 122, par. 24—12.) Pursuant to this statutory grant, the State Board has promulgated "Rules & Regulations Governing the Procedure for the Dismissal of Tenured Teachers," which includes Rule 6.03(13):

> "Upon the close of the hearing each party may make a closing statement (orally and/or written at the discretion of the hearing officer) incorporating arguments of fact and *law*." (Emphasis added.)

Finally, the actions of the hearing officer are subject to review under the Administrative Review Act. (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq*.) This act empowers the circuit court to review the entire record in an administrative proceeding, including all questions of law and of fact presented in the record (Ill. Rev. Stat. 1977, ch. 110, par. 274). Findings of fact are held to be *prima facie* true and binding (Ill. Rev. Stat. 1977, ch. 110, par. 274), but the courts may review the legal effect of those facts (*Gibbs v. Orlandi* (1963), 27 Ill. 2d 368, 371; *Caterpillar Tractor v. Department of Revenue* (1963), 29 Ill. 2d 564, 566).

■■ Administrative adjudications subject to the Administrative Review Act aid in effectuating efficient justice in our courts. They not only determine the "facts" of the dispute but also serve to formulate the legal issues. So long as procedural safeguards are provided, as here, and judicial review is available, administrative agencies may decide issues of law, in the sense of applying law to the facts. See *City of Waukegan v.*

*Pollution Control Board* (1974), 57 Ill. 2d 170, 175; L. Jaffe, Judicial Control of Administrative Action 98 (1965).

In any event there appears to be more than a mere question of law involved. There is a factual dispute over whether the defendant has fulfilled its own regulation since the plaintiff disputes the claim that 90 school days had passed since she was placed on temporary incapacity status.

■■ We conclude that the Board may not by its regulations deprive a teacher who has reached contractual continued service status of tenure without a hearing. The judgment of the trial court is therefore affirmed.

Affirmed.

WOODWARD and NASH, JJ., concur.