(No. 52415.—

DANIEL J. CRADDOCK, Appellee, v. THE BOARD OF EDUCATION OF ANNAWAN COMMUNITY UNIT SCHOOL DISTRICT NO. 226, HENRY COUNTY, Appellant.

*Opinion filed May 22, 1980.*

Robbins, Schwartz, Nicholas & Lifton, Ltd., of Chicago (Allen D. Schwartz. Lorence H. Slutzky and Elinor P. Swiger, of counsel), for appellant.

Drach, Terrell & Deffenbaugh, P.C., of Springfield, for appellee.

Julia Quinn Dempsey and Eugene M. Daly, of Springfield, for *amicus curiae* State Superintendent of Education.

MR. JUSTICE CLARK delivered the opinion of the court:

The plaintiff, Daniel J. Craddock, a teacher and assistant football coach, cursed at a student during football practice on September 9, 1975. The plaintiff was sent a letter on September 15, 1975, by the defendant school board. The letter informed the plaintiff that he had been suspended for three days without pay, but that the suspension would not become effective until September 29, 1975, to enable the plaintiff to perfect a review of the decision by the school board. The plaintiff appeared before the board on September 25, 1975, to object to the jurisdiction of the board to suspend him. The board ordered that the plaintiff be suspended for three days without pay. On November 3, 1975, the plaintiff filed a complaint in the circuit court of Henry County seeking $155.58 in damages for the salary he lost while suspended. The circuit court thereafter denied the board's motion for summary judgment. Subsequently, the court entered an order granting the plaintiff's motion for summary judgment. The circuit court's order was appealed to the Appellate Court for the Third District. The appellate court, with one justice dissenting, affirmed the circuit court. (76 Ill.

App. 3d 43.) We allowed the board's petition for leave to appeal. 73 Ill. 2d R. 315(a).

The appellate court held that section 24—12 of the School Code, which sets out a procedure a school board must follow to dismiss or remove a teacher, must be construed to permit a temporary dismissal, that is, a suspension. The court went on to conclude that since the plaintiff was not afforded the procedural protection of section 24—12, particularly a hearing before an "independent hearing officer," the plaintiff's suspension was improper. (76 Ill. App. 3d 43, 46.) The court accordingly affirmed the trial court's judgment in favor of the plaintiff.

Another recent appellate court decision reached a contrary result. In *Kearns v. Board of Education* (1979), 73 Ill. App. 3d 907, the appellate court, in reliance upon the reasoning of the dissent in *Craddock,* concluded that section 24—12, since it involves permanent termination of a teacher's employment, did not impliedly authorize suspension. The court continued that, nonetheless, the due process rights of the plaintiff therein had been observed; also, the court decided the plaintiff's unspecified first amendment rights had not been infringed. The court decided that, in its opinion, there was nothing procedurally or substantively invalid concerning the defendant board's suspension of the teacher. The court therefore affirmed the trial court's rendition of judgment in favor of the defendant.

In the instant case, the board contends that section 10—20.5 (Ill. Rev. Stat. 1975, ch. 122, par. 10—20.5), which empowers a school board to make rules, impliedly authorizes suspension of school teachers. Section 10—20.5 provides that school boards possess, as one of their "duties" (Ill. Rev. Stat. 1975, ch. 122, par. 10—20) the power "[t] o adopt and enforce all necessary rules for the management and government of the public schools in their district" (Ill. Rev. Stat. 1975, ch. 122, par. 10—20.5).

The board argues that the "policies" which it has enunciated regarding, *inter alia,* the conscientious and professional fulfillment of teaching duties, and the assumption of fair and considerate attitudes towards students, carry with them the implied power to discipline teachers when those "policies" are violated. Whether a school board may promulgate rules which impose disciplinary sanctions, including suspension, is not at issue here, however; we expressly decline to decide whether school boards are so empowered. The fact is that the board herein did *not* adopt a rule authorizing the suspension of teachers.

Accordingly, for the reason stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*