RUTH STAMPER, Appellant, v. BOARD OF EDUCATION OF ELEMENTARY SCHOOL DISTRICT NO. 143, COOK COUNTY, *et al.*, Appellees.

First District (5th Division)   No. 84—2039

Opinion filed March 7, 1986.

Wayne Schwartzman, of Wayne Schwartzman & Associates, P.C., of Chicago, for appellant.

James P. Bartley and Robert S. Pearson, both of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellees.

JUSTICE MURRAY delivered the opinion of the court:

This case involves an appeal from a Cook County circuit court administrative review order affirming defendant State Board of Education's decision to dismiss a tenured teacher, plaintiff Ruth Stamper, for cause pursuant to sections 10—22.4 and 24—12 of the School Code (Ill. Rev. Stat. 1981, ch. 122, pars. 10—22.4, 24—12).

The issues presented by the appeal are: (1) whether the trial court correctly held that the hearing officer's decision affirming plaintiff's dismissal was supported by the manifest weight of the evidence; and (2) whether the board had a statutory obligation to transfer plaintiff to an elementary school teacher position instead of dismissing her.

Plaintiff taught for defendant School District No. 143 (board) as a second grade teacher for 19 years and received consistently good evaluations in this position. In 1978, she requested and was assigned a transfer to teach home economics at the junior high school level (7th and 8th grades).

In May of 1980, plaintiff's supervisor, Principal MacDougall, issued a warning letter to plaintiff concerning management problems in her classroom. Several additional notices were given to her between May 1980 and April 1982. On April 6, 1982, the board gave plaintiff a formal notice to remedy in accordance with section 24—12 of the School Code. This notice warned plaintiff that she could be dismissed

if her deficiencies were not remedied. Plaintiff was given a list of specific objectives to correct the problems. Thereafter, during the 1982-83 school year, she was formally evaluated approximately 10 times and informally observed both by her supervisor and other teachers on an almost daily basis.

At the end of the 1982-83 school term, all four of plaintiff's supervisors recommended that she be dismissed. On June 9, 1983, the board dismissed plaintiff, who was then 66 years of age, on the basis of the following charges: (1) failing to maintain classroom discipline; (2) failing to require students to regularly work on home economics assignments; (3) failing to follow curriculum guides; and (4) failing to follow administrative directives. Following a hearing during which four administrators and seven teachers testified in support of the charges and plaintiff testified on her own behalf, the hearing officer upheld the dismissal based on the first three of the above charges.

The testimony at the hearing by the board's witnesses was consistent in describing a lack of classroom discipline. The observers also noted that students entered and left the room at will, did not work on home economics assignments, created disturbances such as fighting, and that plaintiff's class was so unruly that the ensuing noise and disturbances interfered with other classes in nearby rooms. Several of the board's witnesses were long-time associates of plaintiff and were obviously upset at so testifying.

Plaintiff did not dispute the witnesses' evaluations of her classroom. She explained that she did not believe her discipline was lacking and that the teaching of home economics, by its very nature, requires more flexible supervision which plaintiff contends she did provide. No other witness testified for plaintiff.

In his affirmance of the board's dismissal, the hearing officer commented on plaintiff's defense that the board did not meet its burden of showing, by a preponderance of the evidence, that plaintiff was not fit to be a grade school teacher. The hearing officer noted that it would, on the basis of the presented evidence, be illogical to return plaintiff to her junior high school position. He also noted that the record clearly supports plaintiff's earlier competency as a grade school teacher, but that a hearing officer has no authority to remand or to transfer a teacher. He may only affirm or reverse the board's decision based on the evidence.

On this appeal, plaintiff contends first, that her dismissal as a tenured teacher is against the manifest weight of the evidence. She notes that many of the witnesses stated that her classroom management had been the same for the five years she taught home economics and

yet, it was only during the fifth and last year that her performance was rated unsatisfactory. Plaintiff would have the court give little weight to Principal MacDougall's 1980 warning letter on the basis of hearsay. And further, plaintiff points out that the board did not produce a 1981 evaluation of plaintiff.

Defendant board points out that the record contains testimony and business records showing that plaintiff's classroom management was of concern to her supervisors as early as 1980, and further, that these concerns were communicated to plaintiff.

Plaintiff also alleges that only after she resisted several suggestions that she retire, did the board issue its notice to remedy. Plaintiff suggests that she was arbitrarily dismissed for budgetary reasons. The board notes that the replacement of plaintiff by a new, untenured teacher would only result in a $15,000 annual savings.

The hearing officer found that on the basis of the evidence that plaintiff's classes were decidedly disruptive and unorganized, the record contained insufficient proof of such arbitrariness.

■ In an administrative review, a court will not interfere with a school board's decision regarding a teacher dismissal unless the board acted arbitrarily or capriciously or unless the reasons given for the dismissal are against the manifest weight of the evidence. (*Glover v. Board of Education* (1974), 21 Ill. App. 3d 1053, 316 N.E.2d 534, aff'd (1975), 62 Ill. 2d 122, 340 N.E.2d 4.) Furthermore, an appellate court's function in these cases is limited to determining whether the board's decision is supported by the evidence. *Morelli v. Board of Education* (1976), 42 Ill. App. 3d 722, 356 N.E.2d 438.

Section 10—22.4 of the School Code provides for dismissal of teachers for, among other reasons, incompetency or whenever the interests of the schools require it. (Ill. Rev. Stat. 1981, ch. 122, par. 10—22.4.) Such a dismissal is subject to the provisions of section 24—12 regarding the procedures involved in removing a tenured teacher. Ill. Rev. Stat. 1981, ch. 122, par. 24—12.

In the case at bar, the board gave plaintiff one school year to remedy her deficiencies. At the end of that year, the board determined that plaintiff was incompetent to teach because of her lack of classroom discipline and mismanagement of the curriculum. Such charges have been held sufficient for dismissal for cause. *Glover v. Board of Education* (1974), 21 Ill. App. 3d 1053, 316 N.E.2d 534, aff'd (1975), 62 Ill. 2d 122, 340 N.E.2d 4.

■ The voluminous record in this case strongly supports the hearing officer's conclusion that plaintiff was unable to properly manage or discipline her home economics classroom. The unrebutted testi-

mony of the 11 witnesses adequately supports plaintiff's dismissal. It is also not unreasonable to suppose that a long-term teacher who developed certain deficiencies in her teaching performance would be asked to resign before dismissal proceedings were begun. Consequently, there is no support in the record to sustain a charge of arbitrariness relating to budgetary considerations.

Plaintiff's second argument maintains that her dismissal is contrary to the public policy in Illinois that gives extensive job security to competent, experienced teachers with tenure. She contends that, on the basis of her 20 years of satisfactory teaching experience on the grade school level and alleged four years of satisfactory performance in teaching home economics, the board failed its burden of proof as to her incompetency to teach in a second grade position. Plaintiff insists that since the board had the authority to transfer her, and did not do so, her dismissal was unlawful according to the provisions of and public policy underlying the Teacher Tenure Act. Ill. Rev. Stat. 1981, ch. 122, par. 24—1 *et seq.*

As support for this argument, plaintiff cites *Board of Education v. Bremen District 228 Joint Faculty Association* (1984), 101 Ill. 2d 115, 461 N.E.2d 406. The *Bremen* court stated, "The purpose of the tenure statutes is to assure continuous service on the part of teachers of ability and experience \*\*\* and to that end its provisions should be strictly construed." 101 Ill. 2d 115, 121, 461 N.E.2d 406, 409.

In addressing this interpretation of the Teacher Tenure Act, we note that Illinois case law has also held that teacher tenure provisions are in derogation of common law and must be strictly construed in favor of the school district. (See *Thrash v. Board of Education* (1982), 106 Ill. App. 3d 182, 435 N.E.2d 866.) Additionally, the powers of a board of education to employ teachers and to determine in what grade they shall teach are discretionary powers. *Elder v. Board of Education* (1965), 60 Ill. App. 2d 56, 208 N.E.2d 423.

■ Accordingly, after defendant board determined that plaintiff could not competently teach in her home economics position, it had the discretion to transfer her to another grade or to proceed with this dismissal action. This discretionary power was reaffirmed in *Craddock v. Board of Education* (1979), 76 Ill. App. 3d 43, 391 N.E.2d 1059, *aff'd* (1980), 81 Ill. 2d 28, 405 N.E.2d 794. In *Craddock*, it was held that "dismissal" in section 24—12 included the power to suspend or temporarily dismiss a teacher.

In the present case, the board chose to dismiss plaintiff, which choice was within its discretion. To hold otherwise would contravene the rule that teacher tenure provisions must be strictly construed in

favor of a school district and would also make a mockery of section 10—22.4 which provides for dismissal of teachers for cause. In furtherance of this interpretation of teacher tenure law, the court in *Szabo v. Board of Education* (1983), 117 Ill. App. 3d 869, 454 N.E.2d 39, noted that provisions of the School Code do not permit a lesser disciplinary penalty other than discharge in cases that have been adjudicated by the trial or appellate court. A reviewing court has authority only to reinstate a teacher or to uphold a dismissal order.

For the foregoing reasons, this court must affirm the trial judge.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.